Argued and submitted November 13, 1989, reversed and remanded January 31, 1990

In the Matter of the Marriage of

BOON,
*Appellant,*
*and*

BOON,
*Respondent.*

(D 87-1179; CA A50642)

786 P2d 215

Ira L. Gottlieb, Portland, argued the cause for appellant. With him on the briefs was Keller, Gottlieb & Gorin, Portland.

William E. Hensley, Oregon City, argued the cause for respondent. With him on the brief was Gevurtz, Menash & Hergert, Portland.

Before Graber, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

EDMONDS, J.

## EDMONDS, J.

Mother appeals from a dissolution judgment that awarded custody of the minor children of the parties to father. She makes multiple assignments of error. We reverse and remand.

The parties were married in 1984. There are two children from the marriage, ages two and four. In July, 1987, mother filed this action for a dissolution. In August, 1987, the parties entered into a stipulation under which the children's physical custody would alternate between them on a weekly basis. A babysitter who cared for the children while mother was working became concerned that the oldest child was being sexually abused. In October, a complaint was filed in juvenile court. The subsequent investigation concluded that the child was not consistent enough in his responses to questions for the authorities to determine who, if anyone, was abusing the child. The juvenile case was then dismissed on the condition that father undergo a sex-offender evaluation. Pursuant to that requirement, a psychologist evaluated and prepared a report on father.

The dissolution trial was held in 1988, and custody of the children was hotly contested, with allegations from both parents that the other was unfit. Father called a psychologist to testify on his behalf and provided him a copy of the earlier report. The psychologist testified that he had reviewed that report in preparation for trial and that he had brought the file containing the report with him. Mother's attorney was given a recess of 10 minutes to look at the report before cross-examining the psychologist. The report indicated that father had a personality profile which might be typical of sexually deviate persons. Mother offered the report in evidence, but father objected and the trial court sustained the objection. Mother then sought a subpoena *duces tecum* for the report and its author. Father successfully moved to quash the subpoena. Mother assigns as error the granting of father's motion.[1]

Mother argues the court erred in quashing the subpoena, because father lacked standing to make the motion and because a subpoena can only be quashed if it is "unreasonable

---

[1] We do not decide mother's other assignments of error in the light of our disposition of the case.

and oppressive." Father responds that the trial court did not err because: (1) He had standing; (2) the trial court properly applied the standard in ORCP 55B; and (3) his expert did not rely on the report in arriving at his opinion.

ORCP 55B provides:

> "A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein; but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is *unreasonable and oppressive* or (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things." (Emphasis supplied.)

■ The general rule is that only the person subpoenaed can move to quash it. An exception to that rule is if a party's rights would be jeopardized in the absence of a protective order. *See Vaughan v. Taylor,* 79 Or App 359, 718 P2d 1387, *rev den* 301 Or 445 (1986); Wright and Miller, *Federal Practice and Procedure; Civil,* § 2035 (1970).[2] A party claiming a personal right or privilege relating to the document sought by the subpoena has standing to seek to quash. *Oliver B. Cannon and Son v. Fidelity and Cas. Co. of New York,* 519 F Supp 668 (DC Del 1981).

Mother, however, argues that father waived any claim of privilege that may have existed by making the materials available to his expert and then calling him to testify on his behalf. Father responds that the expert only read the report and did not rely on it and, because mother elicited all of the information in the report from the expert on cross-examination, there can be no prejudice, even if the trial court erred.

■ Father had standing, because it was his purported privilege of confidentiality that was in jeopardy. However, he waived that privilege by furnishing the report to the expert and then calling him to testify. *See* OEC 511; *State ex rel Grimm v. Ashmanskas,* 298 Or 206, 690 P2d 1063 (1984). Even

---

[2] ORCP 55 B is identical to FRCP 45(b) and is derived from it. There is no relevant Oregon authority. In *Vaughan v. Taylor, supra,* 79 Or App at 363, we said: "We will therefore rely primarily on cases and treatises construing the corresponding federal rules in resolving the procedural issues in this case."

if the expert did not rely on the report, he did review it in preparation for trial and did testify about father's mental condition. Mother was entitled to cross-examine him concerning it, because it was part of the material from which he drew his opinion. Father's argument that any error was harmless, because the report was made available to mother for purposes of cross-examination, misses the point. Not only was mother entitled to discovery of the report for purposes of cross-examination, but she was *also* entitled to call the author as a witness, once the privilege was waived. When father placed his fitness to have custody of the children in issue and called his expert, he waived any privilege that might have existed between him and the author of the report. The subpoena was not "unreasonable and oppressive" in the circumstances.

The trial court's error in quashing the subpoena has left us with an inadequate record for *de novo* review. Accordingly, we reverse and remand.

Reversed and remanded for proceedings not inconsistent with this opinion. Costs to mother.