Argued and submitted January 14, affirmed February 25, 2004

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL GUY PEVERIERI,
*Appellant.*

00092279; A114457

84 P3d 1125

Patrick Ebbett argued the cause for appellant. On the brief were Andrew S. Chilton and Chilton & Ebbett, LLC.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

In this criminal case that was tried to the court, defendant appeals a judgment of conviction for one count of attempted aggravated murder, arguing that the trial court erred in failing to find him guilty except for insanity. We affirm.

There are no disputed facts. Defendant was charged with attempted aggravated murder arising out of an incident in which he shot at a police officer. At the time of the incident, defendant suffered from chronic liver failure. The disorder causes ammonia to accumulate in his bloodstream, which causes him to lose the ability to think clearly and creates short-term memory problems. Defendant voluntarily consumed alcohol before the shooting incident. The combination of his chronic liver condition and the ingestion of alcohol caused defendant to become agitated and paranoid. It was in that condition that he committed the crime.

At trial, defendant asserted the defense of guilty except for insanity. ORS 161.295. He offered in support of the defense the testimony of an expert forensic psychiatrist, who testified that, at the time of the shooting incident, the combination of defendant's chronic liver failure and the ingestion of alcohol rendered him incapable of conforming to the requirements of the law. Based on that testimony, defendant argued that he was insane at the time of his criminal act. It is noteworthy that he did not argue that his chronic liver condition itself constituted a mental disease or defect such that he could claim the insanity defense. Nor did he claim the defense on the basis of his drinking. His argument was that the two *in combination* caused him to become unable to conform his conduct to the requirements of the law.

The trial court rejected the defense and found defendant guilty. The court found that, because defendant's consumption of alcohol was voluntary, he could not rely on it—even in combination with his liver condition—to establish the requirements of the insanity defense.

On appeal, defendant argues that the trial court erred as a matter of law in concluding that the facts as established at trial do not satisfy the statutory requirements of the

insanity defense. Defendant argues that ORS 161.125 provides that voluntary intoxication, "as such," cannot constitute a defense. That means, he argues, that voluntary intoxication *by itself* cannot constitute a defense. It does not, he suggests, foreclose his reliance on voluntary intoxication in combination with other conditions as a basis for claiming the insanity defense stated in ORS 161.295.

The state argues that voluntary intoxication historically has not been deemed an affirmative defense to a criminal charge unless it is of the sort that is long-term and produces a "more or less permanent" debilitation. In any event, the state argues, ORS 161.125(1) is not the only statute that bears on the case. ORS 161.295(1) also does, the state contends. And that statute provides that the defense of guilty but insane applies only when a defendant's condition is a result of a mental disease or defect, *and nothing else.*

So framed, the issue is one of statutory construction, which we review as a matter of law, applying the interpretive principles described in *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-12, 859 P2d 1143 (1993).

ORS 161.125(1) provides, in part, that "voluntary intoxication shall not, as such, constitute a defense to a criminal charge." The term "as such" ordinarily means "by itself." *Webster's Third New Int'l Dictionary* 2283 (unabridged ed 1993). In other words, ORS 161.125(1) merely provides that, by itself, voluntary intoxication does not constitute a defense to a criminal charge. This is not a case in which defendant is claiming a defense based on voluntary intoxication, by itself. Thus, that statute is no impediment to his reliance on voluntary alcohol consumption in combination with another condition as a basis for an insanity defense. But that does not mean that there is not some other statute that is such an impediment. As the state correctly suggests, ORS 161.295 is just such a statute.

As we have noted, ORS 161.295(1) provides that a person is guilty except for insanity if he or she proves that the lack of substantial capacity is "a result of mental disease or defect" at the time of the crime. The statute does not provide that the defense is available upon proof of a lack of capacity as a result of mental disease or defect *in combination with*

other factors such as voluntary alcohol consumption. When the legislature wants to require proof of either a single cause or a combination of causes, it generally does so. *See, e.g.*, ORS 466.005(7)(a) (defining "hazardous waste" as, among other things, "[d]iscarded, useless or unwanted materials or residues *resulting from any substance or combination of substances * * *"* (emphasis added)). In this instance, the legislature did not do so. It stated only that insanity may be claimed upon proof that a defendant's condition is a result of a mental disease or defect.

In this case, assuming for the sake of argument that defendant's liver condition produced a mental disease or defect, it is undisputed that defendant's condition at the time of the criminal act was not a result of the mental disease or defect, but rather that it was a result of the mental disease or defect *and* voluntary intoxication. ORS 161.295(1) therefore does not apply, and the trial court did not err in rejecting defendant's insanity defense.

Affirmed.