Submitted September 7, 2018, affirmed September 18, 2019

Gayle A. STERNBERG,
*Plaintiff-Appellant,*

*v.*

Bradley LECHMAN-SU,
*Defendant-Respondent.*

Multnomah County Circuit Court
110708916; A164881

450 P3d 37

In this legal-malpractice action, plaintiff challenges an order granting summary judgment to defendant, who represented plaintiff in a marital dissolution case. In a previous appeal in the same case, plaintiff successfully challenged the trial court's dismissal of her claims on the pleadings, and the Court of Appeals remanded to the trial court for further proceedings. In this second appeal, plaintiff argues that the trial court erred in granting summary judgment on plaintiff's claims after the case was remanded. Plaintiff also contends that her submission of a declaration under ORCP 47 E, averring that she had retained an expert who would establish a genuine issue of material fact, was sufficient to preclude a grant of summary judgment. Finally, plaintiff argues that the trial court erred in awarding attorney fees to defendant because defendant was insured. *Held*: Plaintiff did not produce evidence sufficient to show a genuine factual dispute. Plaintiff was not entitled to file a declaration under ORCP 47 E, and she did not produce any other evidence supporting the elements of her claims. Additionally, in the circumstances present here, whether a defendant has insurance does not control whether the defendant is entitled to an award of attorney fees. Accordingly, the trial court did not err in granting summary judgment or awarding attorney fees.

Affirmed.

Marilyn E. Litzenberger, Judge.

Gayle A. Sternberg filed the briefs *pro se*.

Jonathan M. Radmacher and McEwen Gisvold LLP filed the brief for respondent.

Before Hadlock, Presiding Judge, and DeHoog, Judge, and Aoyagi, Judge.

HADLOCK, P. J.

Affirmed.

**HADLOCK, P. J.**

This is the second of plaintiff's appeals in her legal-malpractice litigation against defendant, who represented plaintiff in a marital dissolution case. In *Sternberg v. Lechman-Su*, 271 Or App 401, 402, 350 P3d 593, *rev den*, 358 Or 69 (2015), we addressed the trial court's dismissal of plaintiff's third amended complaint, which was based on the trial court's determination that, to the extent that any of plaintiff's claims stated a claim for legal malpractice, they were barred by the applicable limitations period. *Id*. at 404. We disagreed, holding that some of plaintiff's specifications of negligence stated a claim for relief and were not untimely as described in the complaint. *Id*. at 407. We therefore reversed and remanded "for further proceedings on those specifications." *Id*. at 402. On remand, the trial court granted summary judgment to defendant; plaintiff has again appealed. As explained below, we reject each of the arguments that plaintiff makes on appeal. Accordingly, we affirm.

The arguments that plaintiff makes on appeal mostly center around the propriety of the trial court having granted defendant's motion for summary judgment on remand after we issued our opinion in *Sternberg*. To provide context for those arguments, we briefly summarize our holding in *Sternberg* and the proceedings that led up to the trial court granting defendant's motion. Most of the procedural facts that we set out below are undisputed; to the extent that the parties disagree about procedural facts, we describe them in keeping with the trial court's rulings.

## PROCEDURAL HISTORY

The issue on appeal in *Sternberg* was whether the trial court erred when it dismissed plaintiff's third amended complaint, which included 49 specifications of negligence. *Id*. at 407. In *Sternberg*, we listed certain specifications, identified by the particular paragraphs of the third amended complaint in which they appeared, that "state[d] a claim and at least raise[d] a question of fact about whether they [were] time barred." *Id*. We explained that the other specifications in plaintiff's third amended complaint "fail[ed] to state a

claim, on their face [were] barred by the statute of limitations, or both." *Id*. Accordingly, we reversed and remanded "for further proceedings on *only* [the listed] specifications of negligence" identified, in bullet points, as those that the trial court should not have dismissed. *Id*. at 405 (emphasis added).

At a July 2016 hearing on remand, the court and the parties agreed on November 7, 2016, as the date for trial. In the interim, defendant filed an answer and affirmative defenses, and he also moved for summary judgment against each of plaintiff's specifications of negligence that had survived our decision in *Sternberg*. With respect to each of those specifications, defendant asserted that he had met the applicable standard of care and contended that plaintiff could not establish otherwise. Defendant also argued that plaintiff could not present a *prima facie* case that any act or omission by defendant had caused plaintiff damages; in addition, he asserted that each of plaintiff's claims was time-barred. Defendant supported the summary judgment motion with evidence related to the underlying dissolution proceeding and defendant's representation of plaintiff in that case.

Plaintiff filed a response to defendant's summary judgment motion, but she made no attempt to counter the arguments that defendant had made with respect to each surviving specification of negligence. Instead, plaintiff argued generally that she had a constitutional right to a jury trial and asserted broadly that any "purported evidence or claims put forth by Defendant does not reflect the full facts and truth of this case." Relying on ORCP 47 E, plaintiff filed a declaration averring that she had "retained a qualified expert who is available and willing to testify to admissible facts or opinions creating a question of fact and who has provided facts which would be a sufficient basis for denying the Summary Judgment motion." In a reply memorandum, defendant argued that plaintiff's ORCP 47 E averment did not suffice to create a genuine issue of fact as to all of the elements of her malpractice claims. Plaintiff filed a response to that memorandum. In it, she did not contest defendant's assertion that her ORCP 47 E averment was insufficient to create a genuine dispute of fact on all of the elements of her

claims. Instead, she simply reiterated her contention that she had a right to a jury trial.

The summary judgment motion was heard by an assigned motion judge on October 12, 2016. That judge denied the motion without comment after also resolving discovery matters and other related disputes.

A pretrial hearing was held on November 4, 2016. In a trial memorandum hand-delivered to plaintiff that same day, defendant renewed his motion for summary judgment, asking the trial judge to reconsider the motion judge's denial of that motion.

On November 7, the trial court discussed with the parties what specifications of negligence remained for trial following remand in *Sternberg*. Plaintiff denied that *Sternberg* had limited the issues for trial, asserting that the opinion "said that all of [plaintiff's] complaints were filed timely so none should have been thrown out for that." Plaintiff steadfastly maintained that position even after the court read aloud and explained *Sternberg*. A lengthy colloquy then ensued on motions *in limine* made by defendant, most of which were aimed at keeping plaintiff's evidence and argument limited to the surviving specifications of negligence.

Later in the pretrial hearing, defendant orally renewed his motion for summary judgment, as he had done in his trial memorandum. Defendant noted that plaintiff had not submitted any evidence in response to the motion and that she had relied solely on her ORCP 47 E averment. Defendant and the trial court discussed the court's authority to reconsider the motion judge's ruling; they also discussed the merits of the summary judgment motion with respect to each of the specifications of negligence remaining in the case. The court also engaged plaintiff, asking whether she had offered any evidence in response to a particular issue raised in the summary judgment motion. Plaintiff responded negatively, stating that she "was pretty frustrated with that summary judgment [motion]" because she did not feel that she should have to present her whole case in response to the motion, and she "might as well go to trial." Plaintiff insisted that she was entitled to "a jury

trial on the face of [her] complaint." And, consistently with that assertion, plaintiff attempted to rely on the allegations in her third amended complaint as sufficient to defeat the summary judgment motion.

After signaling that it would grant defendant's summary judgment motion, and after having read and explained ORCP 47 to plaintiff—including the requirements for an ORCP 47 E affidavit—the trial court gave plaintiff another opportunity to explain how she had met the standard for responding to a summary judgment motion. In response, plaintiff merely reiterated that she should be allowed a jury trial. Later, by way of objections to a proposed form of order submitted by defendant, plaintiff also challenged, among other things, the trial court's authority to reconsider the motion judge's denial of the summary judgment motion. The court rejected those objections.

In its written order granting defendant's summary judgment motion, the trial court observed that plaintiff had not presented any "substantive arguments with regard to the 'standard of care,' or with regard to the elements of causation and damages, or with regard to the statute of limitations arguments." With respect to plaintiff's ORCP 47 E averment, the court observed that the *pro se* declaration was insufficient to create a question of fact with regard to the standard of care "because only a party's attorney is authorized to sign a Declaration under ORCP 47 E" and plaintiff admitted that she had not "retained a lawyer to testify."

Defendant then moved for an award of costs and sought attorney fees under ORCP 47 G for what he characterized as plaintiff's bad-faith response to his summary judgment motion. Over plaintiff's objection, the court granted that motion in part, awarding costs and also awarding defendant $3,100 in attorney fees because there was "no basis in law" for the way in which plaintiff used ORCP 47 E to attempt to create a genuine issue of material fact.

## PLAINTIFF'S ARGUMENTS ON APPEAL AND ANALYSIS

On appeal, plaintiff raises five assignments of error, making several arguments in conjunction with each. We

address each of the assignments of error below. We have considered all of the arguments that plaintiff presents on appeal and, to the extent that those arguments are not described below, we reject them without discussion.

In her first assignment of error, plaintiff challenges several aspects of the trial court's summary judgment ruling. First, she contends that the trial court erred by allowing defendant to renew his motion for summary judgment after the motion judge had denied it. We disagree. It generally is permissible for one judge, in a multi-judge court, to reconsider a colleague's ruling. *State v. Demings*, 116 Or App 394, 396, 841 P2d 660 (1992), *rev den*, 315 Or 443 (1993). Plaintiff has not explained why that general principle should not apply here. Next, plaintiff appears to contend that summary judgment proceedings inherently interfere with a plaintiff's constitutional right to trial by jury. That is not correct. "[A]n otherwise proper grant of summary judgment does not violate constitutional jury trial protections." *Fujitsu Microelectronics, Inc. v. Lam Research Corp.*, 174 Or App 513, 522, 27 P3d 493, *rev den*, 332 Or 558 (2001).

Also in conjunction with her first assignment of error, plaintiff contends that the trial court erred in granting defendant's summary judgment motion because the court did not have a complete record of the dissolution proceeding before it. That may well be true, but it does not establish that the trial court committed any error. Summary judgment motions are governed by ORCP 47, which provides, in part:

> "The court shall grant the motion [for summary judgment] if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based on the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment. The adverse party has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial."

ORCP 47 C.

Thus, once defendant moved for summary judgment, arguing that plaintiff could not establish certain elements of her negligence claims, it was plaintiff's responsibility to produce evidence showing that she could, in fact, meet her burden to prove those elements. *See Two Two v. Fujitec America, Inc.*, 355 Or 319, 324, 325 P3d 707 (2014) ("[U]nder ORCP 47 C, the party opposing summary judgment has the burden of producing evidence on any issue 'raised in the motion' as to which [it] would have the burden of persuasion at trial."). In other words, it was plaintiff's obligation to ensure that the trial court had evidence before it—such as documents from the dissolution proceeding—establishing that plaintiff had evidence sufficient to create a genuine factual dispute that a jury should resolve. Because plaintiff did not submit any such evidence in response to defendant's summary judgment motion, the trial court did not err when it ruled in defendant's favor.

In her second assignment of error, plaintiff argues that the trial court should have denied defendant's summary judgment motion based on our decision in *Sternberg*. That is not correct. In *Sternberg*, we held only that plaintiff's third amended complaint alleged facts, regarding certain specifications of negligence, that were sufficient to withstand defendant's motion to dismiss the complaint. 271 Or App at 407-10. In the circumstances presented by this case, that ruling had nothing to do with whether defendant would later be able to establish an entitlement to summary judgment. Plaintiff also argues that the trial court should have denied defendant's summary judgment motion based on the allegations in her complaint, despite plaintiff having failed to proffer any evidence in response to the motion. That argument fails in light of ORCP 47 D, which provides that, "[w]hen a motion for summary judgment is made and supported as provided in [ORCP 47], an adverse party may not rest on the mere allegations or denials of that party's pleading[.]" Finally, plaintiff suggests that the evidence that defendant submitted in conjunction with his summary judgment motion did not establish his entitlement to judgment. But plaintiff did not make such an argument in opposition to the motion. Moreover, even if the arguments that plaintiff belatedly makes on appeal had been preserved, they are

insufficiently focused—being essentially untethered to the record in the summary judgment proceeding or to the specific elements of the surviving specifications of negligence—to present a basis for reversal.

In conjunction with her third and fourth assignments of error, plaintiff suggests that the declaration she submitted under ORCP 47 E was sufficient to overcome defendant's summary judgment motion. As noted, plaintiff did submit a declaration under ORCP 47 E, averring that she had retained an expert who would establish a genuine issue of material fact. However, as the trial court ruled, only a party's attorney may submit such an affidavit or declaration. *See Thorson v. Bend Memorial Clinic*, 291 Or App 33, 37, 419 P3d 756, *rev den*, 363 Or 481 (2018) ("[A] self-represented party may not rely on an ORCP 47 E affidavit to defeat a motion for summary judgment."). Plaintiff argues that such a limitation is unconstitutional. However, plaintiff did not meaningfully develop a constitutional argument below and has not done so on appeal. Plaintiff's undeveloped argument does not present a basis for reversal. *Cf. id*. at 38-39 (characterizing analogous constitutional arguments as involving "complex questions of state and federal constitutional law"); *see State v. Harrison*, 290 Or App 766, 768 n 3, 417 P3d 513 (2018) (declining to address undeveloped constitutional argument). Moreover, plaintiff never disputed defendant's assertion that, in this case, an expert would be able to create a genuine dispute of fact about only the standard of care and not about other elements of plaintiff's claims, including causation and damages. For all of those reasons, the trial court did not err when it ruled that plaintiff's ORCP 47 E affidavit was insufficient to defeat defendant's summary judgment motion.[1]

Finally, in her fifth assignment of error, plaintiff challenges the award of costs and fees to defendant. Plaintiff suggests that the trial court erred in awarding fees and costs because those expenses would be paid by defendant's

---

[1] After the trial court entered judgment in this case, plaintiff filed a motion asking the trial court to reverse its ruling on the summary judgment motion and to set aside the judgment. The court denied that motion. Plaintiff challenges that ruling in her third assignment of error. We reject all of plaintiff's arguments on that issue without discussion.

malpractice insurer. Defendant argues that plaintiff's argument is defeated by *Domingo v. Anderson*, 325 Or 385, 389-90, 938 P2d 206 (1997). In that case, which was based in part on a trust deed, the trial court entered judgment for the defendants. *Id*. at 387. One of the defendants then sought an award of attorney fees based on the terms of the trust deed, and the trial court awarded those fees. *Id*. at 388. We reversed, holding that the defendant was not entitled to an award of fees because he was insured and, therefore, would have "no obligation to pay for the legal services that he had received." *Id*. The Supreme Court reversed us on that point, holding that the defendant's contractual entitlement to attorney fees justified the fee award, regardless of whether "he was personally obligated to pay for [his lawyer's] service." *Id*. at 390.

The Supreme Court reiterated that point in *Menasha Forest Products Corp. v. Curry County Title*, 350 Or 81, 89, 249 P3d 1265 (2011), holding that the "phrase 'attorney fees,' when used in the context of an attorney fee award, means the reasonable value of an attorney's services, whether or not the client was required to pay for those services." (Internal quotation marks omitted.) It noted the possibility that a particular statutory or contractual fee provision might "modif[y] [that] usual conception of attorney fees" by narrowing the circumstances under which fees will be recoverable. *Id*. However, the use of the word "incur" in such a provision does not itself limit a party's right to recover fees: "whether or by what means a party to a legal action (or someone else) pays an attorney's bill has no bearing on the question of whether the party 'incurred' attorney fees." *Id*. at 90.

Here, the trial court awarded fees under ORCP 47 G, which provides in pertinent part that a court "shall order" a party who presented an ORCP 47 affidavit or declaration in bad faith "to pay to the other party the amount of the reasonable expenses that the filing of the affidavit or declaration caused the other party to incur, including reasonable attorney fees." Plaintiff has not explained any way in which ORCP 47 G modifies the "usual conception" of attorney fees described in *Domingo* and *Menasha Forest Products*, and we do not perceive one. Accordingly, plaintiff's reference to

defendant's insurance does not present a basis for reversing the trial court's award of costs and fees.

## CONCLUSION

In sum, none of the arguments that plaintiff presents on appeal establishes a basis for reversing any aspect of the trial court's judgment. Accordingly, we affirm.

Affirmed.