Argued and submitted December 2, 2019; attorney fee award reversed, otherwise affirmed August 26, 2020

Amy DANIELS
and Todd Daniels,
*Plaintiffs-Appellants,*

*v.*

Andrea F. JOHNSON,
*Defendant,*
*and*

Antonio MENDEZ-SIERRA CUAUHTEMOC
and CM Landscaping, LLC,
*Defendants-Respondents.*

Washington County Circuit Court
17CV10761; A168608

473 P3d 1133

Plaintiffs appeal from a supplemental judgment awarding attorney fees to defendants under ORS 20.105(1). An award under ORS 20.105(1) is only appropriate if a claim lacks an objectively reasonable basis, which means that it is entirely devoid of legal or factual support. *Williams v. Salem Women's Clinic*, 245 Or App 476, 482, 263 P3d 1072 (2011). Plaintiffs argue that the trial court's previous denial of defendants' motion for directed verdict establishes, as a matter of law, the objective reasonableness of their claims. *Held*: The trial court erred. Although the Court of Appeals rejected plaintiffs' theory regarding the denial of the motion for directed verdict, the record established that the plaintiffs' claims were not "entirely devoid" of supporting evidence.

Attorney fee award reversed; otherwise affirmed.

Janelle F. Wipper, Judge.

Steven C. Burke argued the cause for appellants. Also on the brief was Case & Dusterhoff, LLP.

Margaret H. Leek Leiberan argued the cause and filed the brief for respondents.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

MOONEY, J.

Attorney fee award reversed; otherwise affirmed.

## MOONEY, J.

Plaintiffs appeal from a supplemental judgment awarding attorney fees, enhanced prevailing party fees, and costs to defendants Antonio Mendez-Sierra Cuauhtemoc and CM Landscaping, LLC. We reject plaintiffs' arguments relating to prevailing party fees and costs without discussion and write only to address the attorney fees issues. We reject plaintiffs' argument that the denial of defendants' motion for directed verdict at the close of plaintiffs' case-in-chief establishes the objective reasonableness of their nuisance claim. But, we nevertheless conclude that the record is not entirely devoid of support for plaintiffs' private nuisance claim against defendants, and we, therefore, reverse the attorney fee award and otherwise affirm.

Under ORS 20.105(1), the trial court is required to award attorney fees to a party who prevails against a claim if the court determines that there "was no objectively reasonable basis for asserting the claim."[1] In such cases, a fee award under ORS 20.105(1) is mandatory. *Morris v. Kanne*, 295 Or App 726, 737, 436 P3d 36, *rev den*, 365 Or 195 (2019). Whether a claim lacks an "objectively reasonable basis" warranting an award of attorney fees under ORS 20.105(1) is a legal question, *Williams v. Salem Women's Clinic*, 245 Or App 476, 482, 263 P3d 1072 (2011), and we review a trial court's decision to award fees under ORS 20.105(1) for errors of law. *Waters v. Klippel Water, Inc.*, 304 Or App 251, 260, 464 P3d 490 (2020). Our task is to determine whether the record was "entirely devoid" of support for plaintiffs' claim against defendants. *Williams*, 245 Or App at 482.

This case began as a dispute between next-door neighbors in a residential neighborhood. Defendants operated a landscaping business out of their home, which includes the

---

[1] ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

use and maintenance of two diesel trucks. Plaintiffs contend that the sound and fumes from those diesel trucks interfered with their ability to enjoy their own property. The dispute escalated, culminating in a contentious lawsuit. Plaintiffs filed this action alleging private nuisance and, in response, defendants filed counterclaims alleging interference with a landlord/tenant relationship and invasion of privacy. Following trial, the jury returned a verdict finding for defendants and against plaintiffs on all claims and counterclaims. A judgment was entered consistent with the jury's findings.

Defendants moved the trial court for an award of attorney fees under ORS 20.105(1), alleging that there was no objectively reasonable basis for plaintiffs' claims. The court held a hearing, took the matter under advisement, and later issued an order, followed by a supplemental judgment awarding attorney fees to defendants. We must reasonably presume that, by awarding attorney fees under ORS 20.105(1), the court necessarily concluded that the claim lacked an objectively reasonable basis.

Plaintiffs argue that it follows from the denial of defendants' motion for directed verdict that their claims did not lack an objectively reasonable basis. They argue that the trial court thus erred in awarding fees under ORS 20.105(1). Defendants resist that conclusion and argue that the record is devoid of support for plaintiffs' claim, pointing to the strategic choices and manner in which plaintiffs pursued their claims, as well as all evidence produced at trial, including evidence received after the motion for directed verdict was denied.

As mentioned, ORS 20.105(1) provides that a trial court shall award reasonable attorney fees to a party who prevails against a claim if the court determines that there "was no objectively reasonable basis for asserting the claim." "A claim lacks an objectively reasonable basis only if it is entirely devoid of legal or factual support, either at the time it is made or, in light of additional evidence or changes in the law, as litigation proceeds." *Williams*, 245 Or App at 482 (citations and internal quotation marks omitted). The outcome of that inquiry "is a function of the substantive law governing the claim." *Cejas Commercial Interiors, Inc.*

*v. Torres-Lizama*, 260 Or App 87, 112, 316 P3d 389 (2013). We review the trial court's ruling on that question for legal error. *Williams*, 245 Or App at 482. Ultimately, we must decide, as a matter of law, whether plaintiffs lacked any objectively reasonable basis for bringing and pursuing their nuisance claim against defendants.

Plaintiffs filed this case on a private nuisance theory, seeking an injunction to prevent defendants from maintaining and using idling diesel trucks on their property, and for monetary damages for the diminished value of plaintiffs' property caused by the diesel noise and fumes. "A private nuisance is an unreasonable non-trespassory interference with another's private use and enjoyment of land." *Mark v. Dept. of Fish and Wildlife*, 158 Or App 355, 360, 974 P2d 716, *rev den*, 329 Or 479 (1999). A nuisance is not actionable, unless its interference with the use and enjoyment of property is both "substantial and unreasonable." *Smith v. Wallowa County*, 145 Or App 341, 346, 929 P2d 1100 (1996). Whether a certain use of property amounts to actionable nuisance "depends on the individual facts of a particular case." *Jewett v. Deerhorn Enterprises, Inc.*, 281 Or 469, 473, 575 P2d 164 (1978). We have developed five "guidelines" or factors to use in assessing whether a particular use of property amounts to actionable nuisance: (1) the location of the claimed nuisance; (2) the character of the neighborhood; (3) the nature of the thing complained of; (4) the frequency of the intrusion; and (5) the effect upon the enjoyment of life, health, and property. *Mark v. ODFW*, 191 Or App 563, 573, 84 P3d 155 (2004).

Because our task is to determine whether, as a matter of law, the plaintiffs lacked any objectively reasonable basis for this nuisance claim, we look to the record to determine whether it contains evidence that would support the nuisance claim or whether the record is entirely devoid of such support. For context, we look to the allegations of the complaint. Plaintiffs allege that the conduct giving rise to the private nuisance consisted of the following:

"4.

"In July of 2013 and continuing to the present, defendants Antonio Mendez-Sierra Cuauhtemoc and CM

Landscaping LLC have been operating a landscaping business at 10467 NW 313th Avenue. The business uses at least three diesel trucks which idle for long periods of time in the driveway and street near plaintiffs' fence, which is adjacent to defendants' driveway and garage. This causes noise disturbance and fills the plaintiffs' backyard with toxic diesel fumes. Additional business activities occur which are noisy and produce odor and dust. These activities regularly occur in the middle of the day and after 7:00 in the evening."

The evidence at trial established that defendants owned three trucks; one truck was used for personal use and two were used for the business. There is evidence in the record that defendant Mendez-Sierra Cuauhtemoc would leave the house in the early morning hours (at 6:00 a.m. according to plaintiffs and between 7:00 and 7:30 a.m. according to defendants) and return some hours later. Prior to leaving in the morning, he would "warm up" his truck for about five to eight minutes according to Mendez-Sierra Cuauhtemoc's testimony—and for up to 20 minutes according to plaintiff Amy Daniels's testimony—creating loud noise and fumes that carried over to plaintiffs' property.

Blake Boyles, a public works director, and former interim city manager, for the City of North Plains, testified that the city promotes "home businesses" and that there are "many home businesses in North Plains." He also testified that North Plains is a rural community, that "there's big trucks everywhere," "every other house has a [big truck]," and that "[d]iesels are probably the more popular of the larger trucks." He also testified that while he was serving as interim city manager, he received various complaints from plaintiffs against defendants requesting that the city revoke defendants' business license. The city investigated but did not substantiate those complaints and did not revoke defendants' business license.

We begin with, and reject, plaintiffs' argument that the denial of defendants' motion for directed verdict establishes the reasonableness of their claim. There are a number of reasons why a trial court might allow a case to proceed past an initial motion for directed verdict but nonetheless later conclude that the claim was objectively unreasonable. For example, the plaintiff controls the admission of evidence

and framing of a case from filing through the close of its case-in-chief. It is only at that point that a defendant is able to develop alternative theories and evidence. *See Williams*, 245 Or App at 482 (acknowledging that a claim can lack an objectively reasonable basis "in light of additional evidence *** as litigation proceeds"). Denial of the initial directed verdict motion did not establish the objective reasonableness of plaintiffs' claim.

Assessing the evidence in the record by using the nuisance "guidelines" outlined above, we conclude that the record is not entirely devoid of evidence to support plaintiffs' nuisance claim against defendants. The location of the alleged nuisance is the driveway of a home, with noise and fumes travelling through the air into the neighbor's air and space. The neighborhood is described as residential. The nature of the nuisance is loud noise and noxious fumes from large work trucks. There is evidence that the noise and fumes intrude into plaintiffs' property at least twice daily and have interfered with their enjoyment of the property. The fact that the jury was not persuaded overall that defendants' conduct created a nuisance does not mean there was no evidence to support that claim at all. Although the city employee described the noise and fumes as normal, defendants acknowledged running the vehicles for between five and eight minutes each morning, and plaintiffs testified that the noise and fumes from defendants' business vehicles occurred daily, in the early morning and late evening hours, for up to 20 minutes each time, and that it interfered with their use—and their children's use—of their home and backyard. To be sure, this is not as compelling a case as *Jewett*, where the defendants purchased property in a rural residential neighborhood and then developed and operated a pig farm with its attendant high-pitched pig squeals, increased numbers of blow flies, and unpleasant odors that interfered with the neighbors' ability to enjoy their homes and yards. But, the overall persuasiveness of evidence is not the question before us.

An award of attorney fees is required under ORS 20.105(1) only when the moving party defeats a claim for which the record is "entirely devoid" of supporting evidence. We cannot say that is the case here.

The trial court erred in awarding attorney fees to defendants under ORS 20.105(1). We reverse and remand with respect to the attorney fee award and otherwise affirm.

Attorney fee award reversed; otherwise affirmed.