Submitted December 30, 2020, affirmed April 14, 2021

TYRONE J. JENKINS,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
17CV39598; A170197

487 P3d 433

Petitioner appeals from a grant of summary judgment dismissing his claim for ineffective assistance of counsel in favor of the superintendent-respondent. Petitioner argues that evidence in the summary judgment record—showing that trial counsel had concerns that petitioner could not aid and assist in his defense and that petitioner had a history of bipolar disorder and schizophrenia and had been previously hospitalized for psychiatric concerns—viewed in the light most favorable to him, is sufficient to create a genuine issue of material fact that counsel was ineffective for failing to investigate and pursue a guilty except for insanity (GEI) defense to petitioner's robbery charge. *Held*: Petitioner did not create a genuine issue of material fact as to prejudice. Evidence that counsel was ineffective in litigating petitioner's capacity to aid and assist in his defense did not, by itself, necessarily create a factual dispute that counsel was ineffective in failing to investigate a GEI defense, or that such a defense could have been offered. Because the aid and assist evaluation was not focused on the appreciation of criminality, there was nothing in this record beyond speculation to create a genuine issue of material fact that a GEI defense could have been raised, or that it would have changed the results of the proceeding.

Affirmed.

J. Burdette Pratt, Judge.

Lindsey Burrows and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

JAMES, J.

Affirmed.

**JAMES, J.**

Petitioner appeals from a grant of summary judgment dismissing his claim for ineffective assistance of counsel in favor of the superintendent-respondent. Petitioner argues that evidence in the summary judgment record shows that trial counsel had concerns that petitioner could not aid and assist in his defense, had a history of bipolar disorder and schizophrenia, and had been previously hospitalized for psychiatric concerns. Petitioner argues that this evidence, viewed in the light most favorable to him, is sufficient to create a genuine issue of material fact that counsel was ineffective for failing to investigate and pursue a guilty except for insanity (GEI) defense to petitioner's robbery charge. We disagree, and accordingly affirm.

We review a grant of summary judgment for errors of law, viewing the "pleadings, as well as any 'depositions, affidavits, declarations and admissions' that the parties have submitted in support of or in opposition to the summary judgment motion, in the light most favorable to the nonmoving party." *Eklof v. Steward*, 360 Or 717, 729, 385 P3d 1074 (2016). The facts pertinent here, though brief, are stated in accord with that standard.

The state charged petitioner with one count of robbery in the first degree, ORS 164.415, one count of unlawful possession of methamphetamine, ORS 475.894, two counts of menacing, ORS 163.190, one count of unlawful use of a weapon, ORS 166.220, and four counts of tampering with a witness, ORS 162.285.[1] Briefly, the facts underlying the criminal charge were that, on August 4, 2013, petitioner's mother asked him to leave their home where petitioner lived with his mother and brother after petitioner threatened his mother with a knife. Petitioner's mother told the 9-1-1 dispatcher petitioner was under the influence of narcotics. Petitioner left and went to a convenience store where he approached the clerk at the counter with a knife. The clerk opened the till and gave petitioner between $40 and $90 and petitioner was arrested soon after. Police found a

---

[1] On August 7, 2013, petitioner was charged by information with a single count of first-degree robbery. On February 27, 2014, the state indicted petitioner with that charge and eight additional charges.

glass pipe containing methamphetamine and two knives on his person.

Following a defense-initiated aid and assist evaluation, counsel moved the court to declare petitioner unfit to proceed. In an attached declaration, counsel explained that petitioner's mother informed him that petitioner "has a history of bi-polar disorder and schizophrenia, and that he has not been on his medications for some time." Counsel also produced a report from Dr. David Northway to support the motion. Northway's aid and assist report is also the principal evidence offered in the summary judgment record on the claim at issue on appeal—whether counsel should have investigated a GEI defense. As such, we relate it in some detail.

Northway conducted a psychological evaluation of petitioner in 2013. He noted petitioner had a family history of depression, schizophrenia, and substance abuse. Petitioner had worked a variety of fast food jobs until, roughly at the beginning of 2013, petitioner had ceased working due to receiving assistance as the result of a diagnosis of schizophrenia. At an unspecified point in the past, petitioner was released from Oregon State Prison, where he had been in the psychiatric unit with prescriptions for Klonopin, Risperdal, Propranolol, and Remeron. These were renewed when he was treated at the Sacred Heart Hospital psychiatric unit in April 2013. According to his mother, petitioner stopped taking his medications at the time of the incident.

Northway also documented a long history of substance abuse by petitioner. Prior to his arrest, petitioner estimated he consumed two 24-ounce beers or one 40-ounce malt liquor per day. Petitioner regularly consumed marijuana, and at the time of the incident, was using methamphetamine at the rate of a gram per day. This was leading to night terrors and paranoia, which in turn were leading to patterns of sleep deprivation. Petitioner also reported to Northway that he believed over the last eight months, his methamphetamine had been mixed with heroin.

Northway explained that petitioner had been diagnosed with schizophrenia and had been receiving Social Security Disability benefits based on that diagnosis for eight

months. Northway noted that petitioner had multiple previous psychiatric hospitalizations. Before petitioner's arrest, he had stopped taking medication and had become paranoid. Testing revealed "significant clinical impairment." Northway did not believe petitioner was fit to proceed. Petitioner presented with "significant psychotic symptoms." As Northway reported, "[Petitioner's] decisional capacity is severely impaired because of his paranoid and delusional thought process and belief systems."

The court found petitioner unable to aid and assist and ordered petitioner's transport to the Oregon State Hospital on October 16, 2013. About two months later, the Oregon State Hospital discharged petitioner. In the discharge report, the hospital stated that petitioner had been diagnosed with "schizophrenia, paranoid type." The next day, the court determined petitioner fit to proceed.

On February 27, 2014, counsel moved the court for an order to transport petitioner back to the Oregon State Hospital for another evaluation regarding his fitness to proceed. In an affidavit, counsel explained, "it is my belief that [petitioner] has no significant amount of rational thought, and it is also my belief that is the result of his Paranoid Schizophrenia." He further explained, "[t]o date, [petitioner] has not exhibited rational thought or anything close to it."

The court denied the motion to have petitioner re-evaluated, and the case proceeded to a jury trial. Defense counsel did not raise a GEI defense. The jury convicted petitioner on all charges except unlawful use of a weapon and one count of menacing, and the court sentenced him to a total sentence of 174 months in prison.

In his petition for post-conviction relief, petitioner alleged that his trial attorney rendered ineffective assistance of counsel under Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution in several respects. First, in conducting the second aid and assist hearing, petitioner alleged that counsel was ineffective in failing to counter "the OSH report and finding of fitness to proceed, [without offering] the essential perspective of an opposing psychological evaluation [or the] available records from OSH[.]" Second,

as part of the same allegation of ineffective assistance of counsel related to the aid and assist evaluation, petitioner presented the following conclusory paragraph:

> "Without supporting documents like the OSH records that raised fundamental questions of petitioner's fitness to proceed per their own records, and/or the evaluation of a psychologist, trial counsel's bid for a finding of unfitness failed. As a result, petitioner was unable to avail himself of a defense of guilty except for insanity. Petitioner also was apparently unable to participate in his case: he did not testify, most likely because he was so mentally infirm his trial counsel advised against it. Finally, petitioner was without the benefit of a thorough psychological evaluation that could have assisted as mitigation evidence at sentencing, and resulted in a lesser sentence."

The superintendent moved for partial summary judgment—apparently construing the above paragraph as raising three distinct claims of ineffective assistance of counsel: one related to the aid and assist evaluation, one related to mitigation, and one related to the presentation of a GEI defense. Petitioner filed a written response, highlighting the facts related previously. Specifically, petitioner argued that,

> "[g]iven petitioner's severely delusional and mentally deteriorated state prior to trial, trial counsel should have offered the affirmative defense of guilty except insanity. An objectively reasonable attorney would have offered evidence like the 2013 evaluation by Dr. Northway already in trial counsel's possession, and obtained an updated version to support the defense. Given petitioner's profoundly disordered mental state documented in both Dr. Northway's 2013 fitness evaluation[s], trial counsel had enough to raise the affirmative defense at the time of trial[.]"

Petitioner argued that, "[i]f trial counsel had sought and offered evidence of petitioner's severe mental illness, he could have defended against the charges as petitioner was likely guilty except for insanity based on mental disease or defect at the time of the alleged criminal conduct."

The superintendent withdrew the summary judgment motion as to the aid assist claim and the mitigation claim, but continued to move for summary judgment as to

any claim related to a GEI defense. The post-conviction court granted the superintendent's motion for partial summary judgment, explaining:

> "The petitioner has failed to submit admissible evidence that creates a genuine issue of material fact that he was insane during the commission of the crimes to which he was convicted. Such lack of admissible evidence also fails to create a genuine issue regarding any prejudice from any alleged failure to further investigate by petitioner's underlying trial counsel. An inability to aid and assist during court proceedings, in of itself, is not evidence of insanity during prior criminal activity."

This appeal followed.

At the outset, it is not readily apparent that petitioner in fact raised a claim of ineffective assistance of counsel related to a GEI defense. As previously quoted, the Amended Petition read "trial counsel's bid for a finding of unfitness failed. As a result, petitioner was unable to avail himself of a defense of guilty except for insanity." However, that sentence seems to assume that the availability of a GEI defense is conditioned on a successful inability to aid and assist, which is incorrect. Nevertheless, even assuming petitioner in fact raised a claim of ineffective assistance of counsel for a failure to investigate a GEI defense, as we explain, we agree with the post-conviction court that the summary judgment record was insufficient to create a genuine dispute of material fact on the issue of prejudice, and that is sufficient to affirm.

Claims of ineffective or inadequate assistance of counsel require a two-part showing by a petitioner. First, the petitioner must show, "by a preponderance of the evidence that [his or her counsel] failed to exercise reasonable professional skill and judgment." *Montez v. Czerniak*, 355 Or 1, 7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014) (quoting *Lichau v. Baldwin*, 333 Or 350, 359, 39 P3d 851 (2002)). This is the performance prong. Second, if a petitioner can show a failure of performance by counsel, petitioner must show that "counsel's failure had a tendency to affect the result of his trial." *Id.* This is the prejudice prong.

What constitutes adequate performance is fact-specific and dependent on the "nature and complexity of the case[.]" *Krummacher v. Gierloff*, 290 Or 867, 875, 627 P2d 458 (1981). As the Oregon Supreme Court noted in *Johnson*,

> "the test for adequacy of assistance of counsel 'allows for tactical choices that backfire, because, by their nature, trials often involve risk.' *** '[I]f counsel exercises reasonable professional skill and judgment, a reviewing court will not second-guess the lawyer in the name of the constitution, but neither will the court ignore decisions made in the conduct of the defense which reflect an absence or suspension of professional skill and judgment.'"

*Johnson v. Premo*, 361 Or 688, 702, 399 P3d 431 (2017) (quoting *Krummacher*, 290 Or at 875-76) (brackets in *Johnson*). To be reasonable, "tactical decisions must be based on a reasonable investigation." *Richardson v. Belleque*, 362 Or 236, 256, 406 P3d 1074 (2017).

For claims of ineffective assistance of counsel based on a failure to investigate, establishing the performance prong is a fact-specific endeavor, which must consider the "context of the legal proceeding at issue." *Snyder v. Amsberry*, 306 Or App 439, 449-50, 474 P3d 417 (2020). Generally, a petitioner cannot obtain relief based on the unamplified assertion that trial counsel should have investigated more; instead, the petitioner must "adduce evidence" of what trial counsel "would have discovered *** had trial counsel undertaken the proposed investigation." *Id*. at 448 (quoting *Short v. Hill*, 195 Or App 723, 729, 99 P3d 311 (2004), *rev den*, 338 Or 374 (2005)).

In *Richardson*, in assessing prejudice in the context of a failure to investigate claim, the court reasoned:

> "On this record, had counsel adequately investigated petitioner's past and consulted a psychological expert, he would have obtained petitioner's juvenile mental health records and would have learned that the expert could provide ammunition to oppose an enhanced dangerous-offender sentence: (1) an opinion critical of [the court-ordered psychiatrist evaluating petitioner] for failing to obtain and review petitioner's records as a juvenile to support his diagnosis; (2) mitigation evidence that petitioner had been abused by his mother; (3) hard evidence that petitioner did

not have a conduct disorder as a youth—a diagnosis by a psychiatrist that petitioner had an adjustment reaction of early adolescence; and (4) an opinion rebutting the anticipated testimony from [the psychiatrist] that petitioner suffered from an antisocial personality disorder.

"And on this record, there was 'more than a mere possibility' that counsel could have used that information in cross-examining [the psychiatrist] or by calling that expert to the stand or doing both."

362 Or at 267.

In applying those principles to the facts of this case, we are mindful of the highly deferential standard of summary judgment, where we view the facts in the light most favorable to the nonmoving party. However, it is still the burden of the nonmoving party to produce some evidence, sufficient to create a genuine issue of material fact, "on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial." ORCP 47 C; *Two Two v. Fujitec America, Inc.*, 355 Or 319, 324, 325 P3d 707 (2014).

Here, we conclude that petitioner's response to the superintendent's motions for summary judgment produced some evidence to create a genuine issue of material fact as to the performance of counsel. The aid and assist evaluation, the statements by petitioner's mother, his recent diagnosis while in state custody, his prescribed medication, and the fact that he had been off his medication prior to the incident in question are sufficient to create an issue of fact as to whether a reasonable trial counsel would have investigated the viability of a GEI defense.

However, we cannot conclude that petitioner produced evidence, in response to the motion for summary judgment, as to what the results of that investigation might have been, or how the failure to investigate might have affected the verdict. Here, petitioner's evidence as to prejudice did not extend beyond the aid and assist report and the hospital records associated with petitioner's aid and assist evaluation. Without more, petitioner appears to rely on a false equivalence between the standard for a person to be able to aid and assist in their defense, and the standard for a GEI defense.

The procedures for a determination of a criminal defendant's fitness to proceed, also known as the ability to "aid and assist" in one's defense, is defined by statute. ORS 161.360(1) provides that "[i]f, before or during the trial in any criminal case, the court has reason to doubt the defendant's fitness to proceed by reason of incapacity, the court may order an examination in the manner provided in ORS 161.365."

In the context of an aid and assist inquiry, therefore, the issue is one of capacity. However, "capacity" for aid and assist purposes is narrowly defined. ORS 161.360 provides:

"(2)   A defendant may be found incapacitated if, as a result of a qualifying mental disorder, the defendant is unable:

"(a)   To understand the nature of the proceedings against the defendant; or

"(b)   To assist and cooperate with the counsel of the defendant; or

"(c)   To participate in the defense of the defendant."

In contrast to the aid and assist procedure, a defendant seeking to establish a GEI defense under ORS 161.295 must show a different type of capacity: the capacity to appreciate the criminality of one's conduct. To avail himself of a GEI defense, counsel must show that, at the time of the crime, as a result of a mental disease or defect (which does not include a personality disorder or general antisocial behavior), the defendant lacked the substantial capacity to appreciate the criminality of his conduct or to conform that conduct to the requirements of law. *State v. Peverieri*, 192 Or App 229, 232-33, 84 P3d 1125, *rev den*, 337 Or 248 (2004). The word "appreciate" means that the offender must be "'emotionally as well as intellectually aware of the significance of his conduct.'" *State v. J. C. N.-V.*, 359 Or 559, 581, 380 P3d 248 (2016) (quoting Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 36, 34 (July 1970)).

Accordingly, because the "capacity" at issue in the GEI context is specific to the ability to appreciate the criminality of one's conduct, we have held that:

"In the GEI context, testimony that generally describes a defendant's mental disorder without establishing a connection between the facets of that condition and defendant's conduct typically will be insufficient *** to allow a jury to find that the condition is the cause of the conduct, or that, as a result of the condition, the defendant lacked cognizance of the criminality of his conduct or the ability to conform his conduct to the requirements of the law. Such testimony would require a jury to make impermissible speculative determinations instead of drawing permissible inferences about the existence of those necessary connections."

*State v. Shields*, 289 Or App 44, 52, 407 P3d 940 (2017), *rev den*, 362 Or 794 (2018).

Here, evidence creating a genuine issue of material fact that counsel was ineffective in litigating petitioner's capacity to aid and assist in his defense does not, by itself, necessarily create a factual dispute that counsel was concomitantly ineffective in failing to investigate a GEI defense, or that such a defense could have been offered. The two inquiries focus on different aspects of a defendant's capacity and are not synonymous. Because the aid and assist evaluation was not focused on the appreciation of criminality, there is nothing in this record beyond speculation to create a genuine issue of material fact that a GEI defense would have, or could have, been raised, or the results of the proceeding would have differed. Accordingly, we cannot conclude that petitioner produced evidence to create an issue of fact as to prejudice.

Affirmed.