Submitted December 4, 2020; general and supplemental judgments reversed and remanded October 6, 2021

Nour Eddine MOUKTABIS,
*Plaintiff-Appellant,*

*v.*

M. A.,
*Defendant-Respondent.*

Clackamas County Circuit Court
19CV27557; A173044

500 P3d 32

Plaintiff appeals from a judgment for defendant after the trial court granted defendant's motion for summary judgment on plaintiff's claims of defamation, false light, and intentional infliction of emotional distress. The trial court concluded that defendant was entitled to judgment as a matter of law, because plaintiff had failed to present a genuine issue of material fact to rebut defendant's contention that the alleged defamatory statements were privileged because they were made in the context of a judicial proceeding. Plaintiff contends on appeal that the summary judgment record shows that there are disputed issues of material fact that preclude summary judgment for defendant. *Held*: Viewing the evidence and all reasonable inferences in the light most favorable to plaintiff, the nonmoving party, the Court of Appeals concluded that there were disputed issues of material fact on the question whether the alleged defamatory statements were made in the context of a judicial proceeding. Those factual issues precluded summary judgment, and the trial court therefore erred in granting defendant's motion for summary judgment.

General and supplemental judgments reversed and remanded.

Janet Schroer, Judge pro tempore. (Supplemental Judgment)

Michael C. Wetzel, Judge. (General Judgment)

Nour Eddine Mouktabis filed the brief *pro se*.

Andrew W. Newsom waived appearance for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

General and supplemental judgments reversed and remanded.

**ARMSTRONG, P. J.**

In this acrimonious litigation between former spouses, plaintiff, appearing *pro se*, appeals a general judgment for defendant after the trial court granted defendant's motion for summary judgment on plaintiff's claims of defamation, false light, and intentional infliction of emotional distress. He assigns error to the trial court's granting of defendant's motion for summary judgment and to the court's denial of a motion to quash a subpoena of plaintiff's personnel files from his employer. Plaintiff also appeals a supplemental judgment awarding defendant attorney fees of $37,298.50 under ORS 20.105. Viewing the evidence and all reasonable inferences in the light most favorable to plaintiff, the nonmoving party, we conclude that there are disputed issues of material fact that preclude summary judgment for defendant. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). We therefore conclude that the trial court erred in granting defendant's motion for summary judgment and reverse and remand the general and supplemental judgments for defendant.

To state a claim for defamation, a plaintiff must allege facts sufficient to establish that the defendant published to a third person a defamatory statement about the plaintiff. *Wallulis v. Dymowski*, 323 Or 337, 342-43, 918 P2d 755 (1996). Plaintiff alleged in his complaint that, pending the parties' dissolution proceeding, defendant published statements to her attorney, to a social worker, and to the executive director of a food pantry that were defamatory and that placed plaintiff in a false light.

Statements made as part of a judicial proceeding are absolutely privileged, *Chard v. Galton*, 277 Or 109, 112, 559 P2d 1980 (1977), meaning that they cannot form the basis for a defamation claim. *Moore v. West Lawn Mem'l Park*, 266 Or 244, 249, 512 P2d 1344 (1973) ("When defamatory matter is absolutely privileged no cause of action exists ***."). Defendant asserted in defense of plaintiff's claims that the alleged defamatory statements were absolutely privileged, because they were made in open court or in connection with a FAPA proceeding that defendant had filed after plaintiff

filed a petition for dissolution of their marriage. Defendant then sought summary judgment on that ground and on the additional ground that the alleged defamatory statements were true.

Defendant's memorandum in support of summary judgment summarized the testimony of each witness at the FAPA hearing. Defendant also submitted the declaration of the attorney who had represented defendant in the FAPA proceeding, describing in general terms the testimony of each witness.

In his written response to defendant's summary judgment motion, plaintiff acknowledged that testimony given at the FAPA hearing was absolutely privileged. But plaintiff contended that his claims were not based on that testimony or on statements made in preparation for the FAPA proceeding. Rather, plaintiff asserted, his claims were based on defamatory publications made by defendant in an unprivileged context, before she initiated the FAPA proceeding, to her attorney and to the persons who testified at the hearing.

At the brief hearing on defendant's motion, the trial court asked plaintiff to cite documents from the record—declarations, depositions, requests for admissions—that were evidence that defendant had made the alleged defamatory statements outside of a privileged setting. Plaintiff directed the court to defendant's counsel's declaration describing the testimony of witnesses at the FAPA hearing. Plaintiff explained that the described testimony—which was based on defendant's disclosures to the witnesses and not on personal observation—was evidence that defendant had published the defamatory statements to those individuals outside of the context of the FAPA proceeding.[1] The court

---

[1] Plaintiff explained to the court:

"[M]y position is these witnesses testified in the court, so their testimony is privileged. But the conversation, the statement that was given to them by defendant took place outside of the court many months before."

Plaintiff also wrote in his memorandum in response to defendant's summary judgment motion:

"In his motion for summary judgment, Defendant's counsel seems to be confusing Defendant's publications of defamatory statements to third parties

disagreed with plaintiff and granted defendant's motion. The court based its order on plaintiff's failure to present any affirmative evidence that the alleged defamatory statements were made outside of the FAPA proceeding. The court did not address defendant's assertion that she was entitled to summary judgment because the statements had been found to be true by the FAPA court. Plaintiff appeals, contending that the record on summary judgment shows that there are genuine issues of material fact.

We address first the issue of privilege. Because absolute privilege is an affirmative defense, on summary judgment, defendant, as the party who would have the ultimate burden of persuasion at trial, bore the burden of establishing that the undisputed facts showed that she was entitled to judgment as a matter of law. ORCP 47 C; *Clifford v. City of Clatskanie*, 204 Or App 566, 131 P3d 783, *rev den*, 341 Or 216 (2006). Viewing the record and all reasonable inferences in the light most favorable to plaintiff, the non-moving party, *Eklof v. Steward*, 360 Or 717, 729, 385 P3d 1074 (2016), we conclude that defendant has not met that burden.

Although the declarations submitted by defendant show that defendant offered the testimony of third persons in the privileged context of the FAPA hearing, those declarations are not evidence from which it could be found that *defendant's* statements were made in a privileged context. Defendant's declarations also allow the inference that the third persons who testified at the FAPA hearing did so not from personal knowledge but based on information that had been shared with them by defendant, outside of the FAPA

including, but not limited to, Ms. Locke, Ms. Morse, Ms. Ginger Steele, and Ms. Aicha Aamarou which were neither preliminary to a proposed judicial proceeding nor made during the course of a judicial proceeding with those statements which were published, many months later, by Defendant in her FAPA petition. The fact that there might be some overlap in the statements published in the FAPA petition or the fact that Ms. Locke and Ms. Morse were called in later to testify to the statements that Defendant published to them avails nothing relative to the fact that Defendant published defamatory material well outside judicial proceedings. Simply put, Defendant first engaged in a malicious campaign to defame Plaintiff and put him in false light. She then filed her FAPA petition many months later re-alleging some of the defamatory statements she had already published to third parties some of whom she ended up using as witnesses."

proceeding.[2] Based on the record on summary judgment, viewed in the light most favorable to plaintiff, questions of fact remain as to whether, as defendant alleged, the alleged defamatory statements were privileged. We therefore conclude that the trial court erred in granting defendant's motion for summary judgment.[3]

In discovery, defendant's attorney subpoenaed plaintiff's employer for production of plaintiff's "complete human resources file," including "all records pertaining to plaintiff's hiring, applications, discipline, performance reviews, medical records, wages and benefits, as well as all e-mails, texts, or other communications made by plaintiff for non-business reasons on the employer's computers, phones, or other devices." Plaintiff asserted that the subpoenaed material had no bearing on the claims or on defendant's defenses, and he sought to quash the subpoena as "unreasonable and oppressive." *See* ORCP 55 A(7)(b) ("The court may quash or modify the subpoena if the subpoena is unreasonable and oppressive or may require that the party who served the subpoena pay the reasonable costs of production."). The court denied plaintiff's motion, explaining that the subpoenaed documents were potentially relevant to plaintiff's claim that his reputation had been damaged by defendant's publications and were therefore subject to discovery.[4] But

---

[2] For example, defendant's memorandum described the testimony of Dawn Locke, a caseworker with the Department of Human Services (DHS):

"Generally, Ms. Locke's testimony was that she meets with [defendant] each week for half an hour. She testified that she observed the bruise on [defendant's] leg and an earlier other bruise on her face. She testified that *she was told* that the leg bruise had been caused by [plaintiff]."

(Emphasis added.)

[3] As an affirmative defense, defendant contended that her utterances were true and asserted that she was entitled to summary judgment on that ground. *See Bank of Oregon v. Independent News*, 298 Or 434, 437, 693 P2d 35, *cert den*, 474 US 826 (1985) (noting "truth" as an affirmative defense to a defamation claim). In light of the trial court's conclusion that defendant was entitled to summary judgment because the alleged defamatory utterances were made in a privileged context, the trial court did not address defendant's contention that the utterances were true.

[4] As a general rule, only the person subject to the subpoena can move to quash it, *see* ORCP 55 A(7) ("A person who is not subpoenaed to appear, but who is commanded to produce and permit inspection and copying of documents or things, including records of confidential health information as defined in subsection D(1) of this rule, may object, or move to quash or move to modify the subpoena[.]"). But an exception exists if a party's rights would be jeopardized in

before plaintiff's employer had responded to the subpoena, the court granted defendant's motion for summary judgment and entered judgment for defendant. Because it is possible that the issue will arise on remand, we address briefly plaintiff's contention that the trial court erred in denying his motion to quash the subpoena.

A subpoena may be issued for material that is subject to discovery. *Vaughan v. Taylor*, 79 Or App 359, 364, 718 P2d 1387, *rev den*, 301 Or 445 (1986) (A subpoena could issue for material "that is relevant to the claim or defense of the party seeking discovery or to the claim or defense of any other party." ORCP 36 B(1).). Subpoenaed material need not be admissible in evidence to be subject to discovery if its discovery appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.* It is not evident from the record how the expansive subpoena issued in this case was reasonably calculated to lead to the discovery of admissible evidence. On remand, should plaintiff again wish to challenge the ability to obtain the documents, either by way of a motion for a protective order under ORCP 36 C[5] or a motion to quash, the trial court will have an opportunity to again consider whether the documents are subject to discovery.

General and supplemental judgments reversed and remanded.

---

the absence of a protective order. *Boon and Boon*, 100 Or App 354, 357, 786 P2d 215 (1986). The court did not address defendant's contention below that plaintiff did not have standing to challenge the subpoena.

   [5] ORCP 36 C provides that, "for good cause shown," the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."