806 July 9, 2025 No. 624

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

NOUR EDDINE MOUKTABIS,
an individual,
*Plaintiff-Appellant,*

*v.*

M. A.,
an individual,
*Defendant-Respondent.*

Clackamas County Circuit Court
19CV27557; A180430

Robert T. Manicke, Judge. (Limited Judgment)

Leslie Roberts, Judge. (Order on Defendant's Motion for Summary Judgment)

Michael C. Wetzel, Judge. (General Judgment, Supplemental Judgment)

Argued and submitted June 6, 2025.

Nour Eddine Mouktabis argued the cause and filed the briefs *pro se*.

Daniel L. Duyck argued the cause for respondent. Also on the brief was Duyck Law, LLC.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Plaintiff appeals from a general judgment dismissing his defamation claim and supplemental judgment of attorney fees awarded to defendant, his ex-wife. The defamatory statements at issue arose out of a Family Abuse Prevention Act (FAPA) hearing where it was established that plaintiff physically abused defendant. Plaintiff raises eight assignments of error that generally relate to (1) the grants of summary judgment, at various stages in the litigation, to defendant; and (2) the grant of attorney fees to defendant. We affirm.

After defendant obtained a FAPA restraining order against plaintiff, plaintiff sued defendant for defamation, false light, and intentional infliction of emotional distress for statements made in the context of the FAPA proceeding. Defendant moved for summary judgment on several grounds, including that all of the statements were absolutely privileged because they arose in the context of a judicial proceeding. The trial court granted defendant's motion on the basis of that privilege and plaintiff appealed that decision. *Mouktabis v. M. A.*, 315 Or App 22, 500 P3d 32 (2021) (*Mouktabis I*). We reversed and remanded that decision because defendant did not meet her burden of establishing that the statements were made in the privileged context of the FAPA hearing. *Id.* at 25-26.

On remand, defendant again moved for summary judgment, this time focusing on the defense that the statements were true. In a supplemental response, plaintiff raised evidentiary objections to certain declarations attached to defendant's motion. Defendant moved to strike plaintiff's supplemental response. The court granted defendant's motion for summary judgment as to one statement, but denied the motion as to other statements. The court also granted defendant's motion to strike portions of plaintiff's response.

After proceeding through additional discovery, during which plaintiff refused to appear for depositions or conduct discovery of his own, defendant moved again for summary judgment, on the bases that (1) plaintiff had

not presented any admissible evidence that defendant published those statements, and (2) the statements were true. The court granted defendant's motion, dismissed the case, and awarded attorney fees to defendant.

*First Assignment of Error.* Plaintiff first assigns error to the trial court's decision to strike plaintiff's supplemental response to defendant's motion for summary judgment because it was filed without leave. Assuming without deciding that the trial court's decision amounted to error, we conclude that the error was harmless. As the trial court noted, plaintiff's supplemental response and declaration were irrelevant to the court's decision granting the summary judgment motion which relied entirely on the factual determinations made in the FAPA proceedings. *See* ORS 43.160 (prior order determines what "was actually * * * included therein").

*Second and Third Assignments of Error.* Plaintiff's second and third assignments of error rest upon an incorrect understanding of Oregon's rules of civil procedure. Plaintiff argues that the trial court erred by considering defendant's subsequent motions for summary judgment because, according to him, a litigant may only bring a single motion for summary judgment during the pendency of an action. Contrary to plaintiff's belief, motions for summary judgment may be brought "at any time." ORCP 47 A; ORCP 47 B; *see also Sternberg v. Lechman-Su*, 299 Or App 450, 450 P3d 37 (2019) (considering renewed motion for summary judgment after remand from this court).

*Fourth and Fifth Assignment of Error.* Plaintiff also contends that the trial court erred by granting defendant's motions for summary judgment. Reviewing in the light most favorable to plaintiff, the nonmoving party, *Jenkins v. Cain*, 310 Or App 608, 609, 487 P3d 433 (2021), we conclude that the trial court did not err. Defendant provided uncontroverted evidence that the statements at issue were either true or protected by attorney-client privilege. As the party bringing the claim, plaintiff had the burden of persuasion and production on summary judgment yet presented insufficient evidence to create a factual issue. *See id.* at 615 (noting that "it is still the burden of the nonmoving party to produce

some evidence, sufficient to create a genuine issue of material fact, 'on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial'" notwithstanding the "highly deferential standard of summary judgment" (quoting ORCP 47 C)); *Wingard v. Oregon Family Council, Inc.*, 290 Or App 518, 523, 417 P3d 545, *rev den*, 363 Or 119 (2018) (explaining plaintiff's "burden to present evidence" on defamation claim).

*Sixth Assignment of Error.* Plaintiff next contends that the trial court erred in considering defendant's petition for attorney fees for two reasons: (1) defendant withdrew her request for attorney fees, and (2) the court made no determination of a prevailing party. Plaintiff's argument is not well taken: although counsel for defendant did attempt to withdraw defendant's motion for attorney fees at a hearing on that motion, he rescinded that withdrawal moments later at that same hearing (a hearing that plaintiff attended) and prior to the court ruling on it. Plaintiff then proceeded to argue his objections to the motion and the court decided it on its merits. As to the second reason, the court correctly determined that defendant was the prevailing party because she prevailed on summary judgment. *See* ORS 20.077(2) ("[T]he prevailing party is the party who receives a favorable judgment *** on the claim.").

*Seventh Assignment of Error.* Plaintiff also contends that the trial court erred by awarding fees under ORS 20.105. That statute permits a court to award reasonable attorney fees to a party that prevails in its defense against a claim when the court finds "that there was no objectively reasonable basis for asserting the claim." ORS 20.105(1).

"A claim lacks an objectively reasonable basis only if it is entirely devoid of legal or factual support, either at the time it is made or, in light of additional evidence or changes in the law, as litigation proceeds." *Daniels v. Johnson*, 306 Or App 252, 254, 473 P3d 1133 (2020) (internal quotation marks omitted). "We review the trial court's ruling on that question for legal error." *Id.* As mentioned, defendant prevailed on her motion for summary judgment and, in doing so, demonstrated that the statements she made were either true or given to her attorney in the course of representation.

Plaintiff had no objectively reasonable basis to sue defendant for defamation and related torts for those statements, as demonstrated by the lack of evidence creating a factual issue submitted during the course of the litigation. *Cf. Mantia v. Hanson*, 190 Or App 412, 431, 79 P3d 404 (2003) (court was unable to say that it was objectively unreasonable for party to assert claim, such that ORS 20.105 would apply, when legal question was "unsettled and manifestly subject to reasonable dispute").

*Eighth Assignment of Error.* Finally, plaintiff assigns error to the amount awarded by the trial court in attorney fees. Plaintiff argues that the trial court erred by (1) not considering specific factors enumerated in ORS 20.075; (2) awarding fees on claims and in forums where defendant did not prevail; (3) awarding fees for block billing; and (4) overruling "plaintiff's other objections."

"We review the trial court's decision to award fees for errors of law, and its decision as to the amount of fees for an abuse of discretion." *Magno, LLC v. Bowden*, 313 Or App 686, 689, 496 P3d 1049 (2021). "Our task [when reviewing an award under ORS 20.105(1)] is to determine whether the record was 'entirely devoid' of support for plaintiff['s] claim against defendant[]." *Daniels*, 306 Or App at 253 (quoting *Williams v. Salem Women's Clinic*, 245 Or App 476, 482, 263 P3d 1072 (2011)).

Here, the trial court expressly adopted, as the law of the case, a prior order awarding defendant attorney fees (2019 order). That 2019 order balanced the statutory ORS 20.075 factors in determining its award and, additionally, found that plaintiff's pursuit of his claims was objectively unreasonable. Plaintiff does not advance any argument on appeal that the factors were analyzed incorrectly in the 2019 order.[1] In addition, defendant was not only entitled to fees associated with the claim on which she prevailed; she was entitled to all fees reasonably connected to litigating that issue. *See Makarios-Oregon, LLC v. Ross Dress-for-Less, Inc.*, 293 Or App 732, 745, 430 P3d 142, *adh'd to as modified*

---

[1] Plaintiff also argues that the 2019 order was "vacated" by us on appeal. Even accepting plaintiff's premise as true, he does not provide any rationale why a later trial court could not adopt that order's findings and reasoning as its own.

*on recons*, 295 Or App 449, 430 P3d 1125 (2018) (noting that a party may recover attorney fees for unsuccessful efforts that were reasonably incurred to achieve the success that the party eventually obtained in the litigation). The trial court reviewed defendant's fee petition, determined that the matters defendant's attorney worked on in other cases was reasonably related to defendant's success in the instance case, and that defendant's fee was reasonable. Under those circumstances, we cannot say that the trial court abused its discretion. *Id.* at 746 (trial court must determine whether work "involved issues in common with the claim on which defendant prevailed and was 'reasonably performed in helping [defendant] prevail'" and vacating judgment where trial court did not determine that relationship (quoting *Fadel v. El-Tobgy*, 245 Or App 696, 709-10, 264 P3d 150 (2011), *rev den*, 351 Or 675, 276 P3d 1123 (2012))).

Plaintiff's remaining arguments on appeal are undeveloped, and we decline to address them further. *See Andlovec v. Spoto*, 326 Or App 525, 534, 532 P3d 531 (2023) ("[I]t is not 'our proper function to make or develop a party's argument when that party has not endeavored to do so itself.'" (Quoting *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193 (2003).)).

Affirmed.