Argued and submitted May 6, 2019, reversed and remanded September 10, 2020

DENNIS JOSHUA SNYDER,
*Petitioner-Appellant,*

*v.*

Brigitte AMSBERRY,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
16CV42398; A166355

474 P3d 417

Petitioner appeals the post-conviction court's grant of summary judgment in favor of the superintendent on his petition for post-conviction relief in which he alleged that trial counsel was ineffective and inadequate in failing to investigate his mental health history before advising him to enter a plea of guilty. Without holding a hearing, the post-conviction court granted summary judgment in favor of the superintendent, noting that expert testimony regarding petitioner's inability to aid and assist was required to survive summary judgment. Petitioner advances three arguments on appeal—first, that the post-conviction court improperly granted summary judgment on the merits; second, that the court erred when it dismissed petitioner's claim without holding a hearing; and third, that any dismissal should have been without prejudice. The superintendent responds that petitioner's claims are without merit, unpreserved, and harmless. *Held*: Although expert testimony may be relevant to ineffective counsel claims based on failure to alert the trial court of aid and assist concerns, that expert testimony is not required to survive summary judgment. Further, the post-conviction court erred in failing to hold a hearing, and the manner in which the error arose eliminated the need for a contemporaneous objection to preserve the issue for appellate review.

Reversed and remanded.

Daniel J. Hill, Judge.

Jason Weber argued the cause for appellant. Also on the brief was O'Connor Weber LLC.

Jordan R. Silk, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

JAMES, J.

Reversed and remanded.

**JAMES, J.**

Petitioner appeals the post-conviction court's grant of summary judgment in favor of the superintendent on his petition for post-conviction relief in which he alleged that trial counsel was ineffective and inadequate in failing to investigate petitioner's mental health history before advising petitioner to enter a plea of guilty. Without holding a hearing, the post-conviction court granted summary judgment in favor of the superintendent, on a variety of grounds. Petitioner advances three arguments on appeal—first, that the post-conviction court improperly granted summary judgment on the merits; second, that the court erred when it dismissed petitioner's claim without holding a hearing; and third, that any dismissal should have been without prejudice. On petitioner's second point, the superintendent argues that such an argument is unpreserved, and that this court should decline to consider it as plain error. We agree with petitioner on his second point—that the post-conviction court erred in failing to hold a hearing before entering the judgment in this matter—and we conclude that the manner in which the error arose eliminated the need for a contemporaneous objection to preserve the issue for appellate review. We reverse and remand. Our disposition on the second assignment of error largely obviates the need to address the remaining arguments. However, we address one aspect of petitioner's first assignment of error that is likely to arise on remand: We conclude that the post-conviction court misconstrued the applicable legal standard for assessing prejudice for the portion of petitioner's claim that asserts that counsel was ineffective in failing to alert the trial court of counsel's concern that petitioner was unable to aid and assist in his defense.

"When a party seeks summary judgment, a court must view the pleadings, as well as any 'depositions, affidavits, declarations and admissions' that the parties have submitted in support of or in opposition to the summary judgment motion, in the light most favorable to the non-moving party." *Eklof v. Steward*, 360 Or 717, 729, 385 P3d 1074 (2016) (quoting ORCP 47 C). Whether the post-conviction court may dismiss a petition for post-conviction relief with prejudice without holding a hearing where the petitioner is

present is a question of law. *See Howell v. Franke*, 258 Or App 202, 203, 308 P3d 1078 (2013) (applying that standard).

As petitioner alleged in his amended petition for post-conviction relief, he pled guilty to assault in the second degree, despite "[t]rial counsel [being] aware that at the time of the incident that petitioner was not taking his medications." Before trial, "[t]rial counsel had concerns about the petitioner's ability to aid and assist" and told petitioner that "he would be evaluated by a mental health professional. No mental health evaluation was ever performed." Instead, trial counsel wrote an email to the prosecutor of the case to inform him of his concerns about petitioner's ability to aid and assist in his own defense. The email, attached in support of petitioner's opposition to summary judgment, provided, in part:

> "[Petitioner] is [in] a difficult situation, *at times I wonder if he can aid and assist*. I recently got juvenile records from when [petitioner] was 5-10 years old indicating that his mother was developmentally disabled and his father was a sex offender and that he had a whole host of mental problems which you can imagine. As a result their parental rights were terminated and he was adopted by a family in Ohio when [petitioner] was ten years old.
>
> "* * * * *
>
> "I think he has a mental defense but I need, more time to develop it. He may not want to continue the trial date. Give me an offer and I will share it with him tomorrow and we can see if he wants to continue the trial date or accept the offer."

(Emphasis added.)

After receiving trial counsel's email, the state offered to dismiss Count 2, unlawful use of a weapon, if petitioner would plead guilty to Count 1. Without having petitioner examined for his ability to aid and assist, counsel presented the offer to petitioner. Petitioner accepted the plea offer, and defense counsel facilitated the entry of the guilty plea. At petitioner's plea hearing, trial counsel informed the court that petitioner had "a long history" of mental illness but, according to petitioner, did not alert the court to the aid and assist concerns expressed to the prosecutor.

In his petition for post-conviction relief, petitioner alleged that trial counsel was inadequate and ineffective in violation of Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution for failing to investigate his mental health. That failure to investigate claim, according to the petition, resulted in two distinct harms. First, petitioner alleged that the failure to investigate resulted in trial counsel failing to develop a mental health defense. Specifically, petitioner alleged:

- Trial counsel was aware of petitioner's mental health history and other than reviewing some of petitioner's past records, never took any steps to develop a mental health defense.

- Trial counsel did not conduct any investigation into petitioner's mental health history and how that could have mitigated or explained petitioner's conduct.

- Trial counsel recognized that petitioner had a mental health defense to the charges, but never discussed this defense with petitioner.

- Competent counsel exercising reasonable professional skill and judgment would have investigated petitioner's mental health history to determine if that was a factor in petitioner's charged conduct.

However, as alleged in the petition, the failure to investigate petitioner's mental health also went to the issue of whether trial counsel was ineffective or inadequate in failing to inform the trial court of concerns that petitioner might be unable to aid and assist in his defense. Specifically, the petition alleged:

- Petitioner told trial counsel that he had a long history of mental health illness.

- Trial counsel was aware that at the time of the incident, petitioner had not been taking his medications.

- Petitioner requested trial counsel investigate his mental health history. Petitioner was told that he

would be evaluated by a mental health professional. No mental health evaluation was ever performed.

- Trial counsel had concerns about petitioner's ability to aid and assist. Despite these concerns, trial counsel never had petitioner evaluated or brought his concerns to the court's attention.

- At a minimum, a mental health evaluation should have been conducted to ensure petitioner could aid and assist prior to entering a plea.

The superintendent moved for summary judgment, focusing attention on the portion of petitioner's claim related to a mental health defense, arguing that in the absence of any evidence that petitioner asserted trial counsel should have obtained, petitioner could raise no genuine issue of fact as to whether an adequate investigation of petitioner's mental health would have yielded results changing petitioner's decision to plead guilty. The superintendent urged that "[i]f the non-moving party cannot attach admissible evidence in the manner prescribed by ORCP 47D, the Court must grant the motion for summary judgment." Petitioner responded that summary judgment should be denied because he will testify to his mental health history and what trial counsel was told about his mental health issues.

The post-conviction court agreed with the superintendent that petitioner's claims required proof of the substance of a mental health evaluation that petitioner alleges trial counsel should have conducted. The court's decision discussed its reasons for granting the superintendent's motion for summary judgment. Those reasons included:

"[There was] no allegation that the plea was not knowing, not voluntary and or not intelligent, asserted in the amended petition or supported in the response to the MSJ.

"A petitioner who claims that their trial lawyers did not adequately advise them of the consequences of pleading guilty must 'prove by a preponderance of the evidence that they would not have pleaded guilty had they received adequate assistance of counsel.' This is not even pled by petitioner nor supported in the asserted testimony by him or trial counsel. In lieu of an affidavit of an expert, the

responding attorney may submit an affidavit to the effect 'that an unnamed qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact \*\*\*.' Clearly, petitioner and petitioner's counsel have not provided this simple substitute for actual support from an expert witness.

"\*\*\*\*\*

"A court could not make a determination of mental illness that would have affected the plea without an expert witness now."

(Internal citations omitted; emphases omitted.)

Post-conviction cases are civil actions of statutory origin. The Oregon Rules of Civil Procedure apply in post-conviction cases, unless the post-conviction statutes provide otherwise. *Young v. Hill*, 347 Or 165, 171, 218 P3d 125 (2009) (citing *Mueller v. Benning*, 314 Or 615, 621 n 6, 841 P2d 640 (1992)). As a general matter, in considering motions for summary judgment, a court may decide the matter without a hearing, unless either party requests oral argument in the caption of their motion:

"There must be oral argument if requested by the moving party in the caption of the motion or by a responding party in the caption of a response. The first paragraph of the motion or response must include an estimate of the time required for argument and a statement whether official court reporting services are requested."

UTCR 5.050(1).

However, in the context of post-conviction matters ORS 138.620 provides:

"(1)   After the response of the defendant to the petition, the court *shall proceed to a hearing on the issues raised*. If the defendant's response is by demurrer or motion raising solely issues of law, the circuit court need not order that petitioner be present at such hearing, as long as petitioner is represented at the hearing by counsel. At the hearing upon issues raised by any other response, the circuit court shall order that petitioner be present. \*\*\*

"(2)   If the petition states a ground for relief, the court shall decide the issues raised and may receive proof by

affidavits, depositions, oral testimony or other competent evidence. \*\*\*"

(Emphasis added.) As the statute makes clear, in the context of post-conviction, a court is not permitted to resolve issues that would result in a dismissal with prejudice—even pre-trial motion issues where neither party has requested oral argument—without holding a hearing.

On appeal, the superintendent does not dispute the mandatory nature of ORS 138.620, but rather argues that petitioner's failure to request a hearing renders the issue unpreserved for appellate review. We disagree. As the Oregon Supreme Court noted in *Peeples v. Lampert*, "[i]n some circumstances, the preservation requirement gives way entirely, as when a party has no practical ability to raise an issue." 345 Or 209, 220, 191 P3d 637 (2008). Such is the case here. As discussed above, the post-conviction court was not statutorily permitted to resolve the summary judgment motion without a hearing where, at a minimum, petitioner's counsel would be present. Petitioner was not obligated to request a hearing in the caption of his pleading when that was the only statutorily permitted procedure. Likewise, by failing to hold a hearing, petitioner was denied an opportunity to object.

Alternatively, the superintendent argues that any error in failing to hold a hearing was harmless. Again, we disagree. A judgment must be affirmed, despite any error committed at trial, "if, after considering all the matters submitted, the court is of the opinion that the judgment 'was such as should have been rendered in the case.'" *State v. Davis*, 336 Or 19, 28, 77 P3d 1111 (2003). "Oregon's constitutional test for affirmance despite error consists of a single inquiry: Is there little likelihood that the particular error affected the verdict?" *Id.* at 32. Further, to determine whether an error is harmless, we consider a variety of considerations including the nature of the error and the context in which the error occurred. *See State v. Abbott*, 274 Or App 778, 789-90, 362 P3d 1171 (2015), *rev den*, 358 Or 794 (2016) (citing *Davis*, 336 Or at 32-33).

In *Ware v. Hall*, 342 Or 444, 154 P3d 118 (2007), the Oregon Supreme Court analyzed the post-conviction

statutory scheme, focusing on ORS 138.550(3). The court held that the post-conviction statutes required the post-conviction court to hold a hearing to "provide [petitioner] an opportunity to be heard" before it determined whether his claim in his petition for post-conviction relief had any merit. *Id.* at 448. The Supreme Court reasoned that ORS 138.620 requires both a hearing and counsel before a court may dismiss a petition with prejudice. *Id.* at 453. Thus, the post-conviction court erred when it dismissed the petition with prejudice without providing petitioner or his counsel any "opportunity to be heard." *Id.* The court reasoned:

> "As noted, ORS chapter 138 contemplates two different courses for resolving post-conviction petitions. On the one hand, a court may appoint counsel, hold a hearing, and, if appropriate, permit amendments to the petition. *See* ORS 138.590 (authorizing appointment of counsel); ORS 138.610 (permitting amendments); ORS 138.620 (providing for hearings on petitions). Having followed that course, a court may dismiss the petition with prejudice. *See* ORS 138.640 (describing form of judgment). On the other hand, a trial court may dismiss a meritless petition before appointing counsel and without a hearing but only if it dismisses without prejudice—a course that could leave a petitioner free to file another post-conviction petition. ORS 138.525.
>
> "*****
>
> "ORS chapter 138 leaves it to the trial court, in the first instance, to decide which course to follow. Here, the trial court followed neither course. Rather, it departed from the statutory scheme and, in so doing, deprived petitioner of the opportunity either to make a record at a hearing or to file a later petition if the court dismissed without prejudice. In these circumstances, we do not think it is appropriate to uphold a judgment dismissing the petition with prejudice. *****"

*Id.*

Here, as in *Ware*, the post-conviction court departed from the statutory scheme when it dismissed petitioner's petition with prejudice, without allowing him an opportunity to be heard at a hearing. And, as in *Ware*, the harm to petitioner was that he was deprived of the "opportunity

either to make a record at a hearing or to file a later petition if the court dismissed without prejudice." *Id*.

Our remand for a hearing largely obviates the need to address petitioner's other assignments of error, which address the merits of the court's summary judgment ruling on issues that could arise in a different posture depending on what record is made below. However, we will consider one question of law that will still be at issue after the case is remanded, which is the court's formulation of the legal standard for prejudice resulting from the failure to alert the court of aid and assist concerns. *See, e.g.*, *Westwood Construction Co. v. Hallmark Inns*, 182 Or App 624, 50 P3d 238, *rev den*, 335 Or 42 (2002) (addressing ruling concerning the availability of certain type of attorney fees under ORS 87.060 as likely to arise on remand); *State v. McFeron*, 166 Or App 110, 999 P2d 470 (2000) (addressing propriety of jury instruction concerning ways in which state may prove intoxication because it was likely to arise on remand); *OR-OSHA v. Roseburg Lumber Co.*, 151 Or App 236, 949 P2d 307 (1997) (addressing agency's construction of legal standard set forth in administrative rule because it was likely to arise on remand).

In assessing petitioner's claims that concerned a mental health defense, the post-conviction court concluded that summary judgment was appropriate because petitioner had not presented affidavit testimony from a medical expert, holding that "[a] court could not make a determination of mental illness that would have affected the plea without an expert witness now. The nature of petitioner's claim makes the need material."

It is true that generally a petitioner cannot obtain relief based on the unamplified assertion that trial counsel should have investigated more; instead, the petitioner must "adduce evidence" of what trial counsel "would have discovered *** had trial counsel undertaken the proposed investigation." *Short v. Hill*, 195 Or App 723, 729, 99 P3d 311 (2004), *rev den*, 338 Or 374 (2005). And where a petitioner pleaded guilty in the underlying criminal proceeding, the results of that investigation must be such that they would have changed the petitioner's decision to plead guilty.

*Id.*; *Cox v. Howton*, 268 Or App 840, 842-43, 343 P3d 677 (2015) (post-conviction petitioner who pleaded guilty must prove "by a preponderance of the evidence that [he] would not have pleaded guilty had [he] received adequate assistance of counsel" (citing *Moen v. Peterson*, 312 Or 503, 513, 824 P2d 404 (1991))).

Whether those principles require the use of expert testimony to establish prejudice in a claim for ineffective counsel arising from a failure to investigate a mental health defense is an open question, and one we need not decide here. But, even if such expert testimony were required, a claim of ineffective counsel for a failure to alert the court of aid and assist concerns presents a fundamentally different claim.

The procedures for a determination of a criminal defendant's fitness to proceed, also known as the ability to "aid and assist" in one's defense, is defined by statute. ORS 161.360(1) provides that "[i]f, before or during the trial in any criminal case, the court has reason to doubt the defendant's fitness to proceed by reason of incapacity, the court *may* order an examination in the manner provided in ORS 161.365." (Emphasis added.) ORS 161.370(1)(a) further states that "[w]hen the defendant's fitness to proceed is drawn in question, the issue shall be determined by the court."

While the fitness to proceed statutes permit a court to order a psychological examination, such an examination is not mandated. *See* ORS 161.365; ORS 161.370. What is mandated, however, is an inquiry by the court anytime it becomes aware of fitness to proceed concerns. If after such an inquiry, "the court determines that the defendant lacks fitness to proceed, the criminal proceeding against the defendant *shall* be suspended." ORS 161.370(2) (emphasis added).

In assessing prejudice, a petitioner must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," that is, a "probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 US 668, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984). Performance is evaluated according to the context of the legal proceeding

at issue. In *Richardson v. Belleque*, for example, the court noted that prejudice in that case was adjudged in the context of a dangerous offender hearing:

> "Based on the record, we reject the state's argument, and we credit arguments by petitioner and amicus that it was more than a mere possibility that competent defense counsel could have used the information from Cooley's report in ways that 'could have tended to affect' the outcome of the dangerous-offender hearing."

362 Or 236, 266, 406 P3d 1074 (2017) (internal quotation and citation omitted).

Given the context of the fitness to proceed statutes, expert testimony may be relevant to ineffective counsel claims based on a failure to alert the trial court of aid and assist concerns, but expert testimony is not *required* to prove that claim or to survive summary judgment.[1] In the context of fitness to proceed, the inquiry for prejudice is whether, had reasonable counsel alerted the trial court of aid and assist concerns, there is "more than a mere possibility" that the trial court would have determined that, at that time, petitioner lacked the fitness to proceed and would have accordingly been required to "suspend" the criminal proceeding. ORS 161.370(2).

Reversed and remanded.

---

[1] The argument of the superintendent's motion for summary judgment was that "to overcome summary judgment, petitioner must attach the sworn testimony of at least one mental health expert." That narrow issue is what petitioner was obligated to respond to. *See Eklof v. Steward*, 360 Or 717, 730, 385 P3d 1074 (2016) ("Parties opposing summary judgment have the burden of producing evidence that creates a material issue of fact as to those issues, but only as to those issues." (Internal citations omitted; emphasis omitted.)). Accordingly, our opinion is confined solely to the issue of whether expert testimony was required.