Argued and submitted February 15, reversed and remanded July 13, 2022

CURTIS FROST, JR.,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Clackamas County Circuit Court
18CV56587, 18CV56583, 18CV56584;
A173895 (Control), A173892, A173894

514 P3d 1182

In this consolidated appeal, petitioner challenges three judgments denying him post-conviction relief from underlying criminal cases in which he pleaded guilty. On appeal, petitioner argues that the post-conviction court erred by conducting the post-conviction hearing without petitioner's statutorily required personal presence. *Held*: The post-conviction hearing statute at issue, ORS 138.620, generally requires a petitioner's personal presence at hearings such as the one that occurred in this case. Although petitioner's argument was not preserved, the Court of Appeals exercised its discretion to correct the plain error.

Reversed and remanded.

Kathie F. Steele, Judge.

Jason Weber argued the cause for appellant. Also on the brief was O'Connor Weber LLC.

Jordan R. Silk, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Reversed and remanded.

**PAGÁN, J.**

In this consolidated appeal, petitioner challenges three judgments denying him post-conviction relief (PCR). On appeal, petitioner argues that the post-conviction court erred by conducting a certain hearing without his appearance as required by statute. For the following reasons, we conclude that a petitioner is generally required by statute to be present during a hearing such as the one at issue in the consolidated cases, the error in not having petitioner present at the hearing was plain, and that we will exercise our discretion to correct the error. We reverse and remand.

The facts as they relate to the disposition of this appeal are procedural and are not in dispute. After pleading guilty to a number of crimes in three separate criminal cases, defendant filed these post-conviction actions, claiming that he received inadequate assistance of counsel. In November 2019, at a status conference ahead of the post-conviction hearing set for the following January, the court asked petitioner's counsel whether "this will be a case regarding stipulated documents being presented to the Court or are you going to anticipate actual live testimony?"[1] Counsel's response was partially indiscernible and then focused on whether the correctional facility where petitioner was then incarcerated had the ability to have petitioner appear by telephone or video. Petitioner's attorney filed a motion just before the hearing and requested permission to appear by telephone because "counsel's office is located more than 43 miles from the [post-conviction court] and counsel anticipates that this matter will take no longer than 30 minutes." The court granted that motion.

The hearing proceeded a few days later and petitioner was not present. The court specifically confirmed with petitioner's counsel that "all we're doing today is legal argument?" Counsel responded, "That's correct, Your Honor." The hearing itself consisted of both petitioner's counsel and the state entering a number of exhibits, including declarations of petitioner and petitioner's trial attorney, as well as the

---

[1] We do not understand that petitioner was personally present for this status conference.

charging instruments, plea petitions, judgments, probation violation reports, and transcripts from the three underlying criminal cases. There were no witnesses examined, and each side submitted the case to the court on the legal arguments provided in their hearing memoranda.

The court denied relief in each PCR case and this appeal followed. On appeal, petitioner argues that the court was required by ORS 138.620(1) to "order that petitioner be present" for the hearing. Moreover, petitioner argues that, although "it is impossible to know exactly how petitioner's presence at the hearing could have impacted the outcome *** there are several plausible ways his personal presence could likely have impacted the outcome."

In response, the state contends that petitioner failed to preserve his claim for appellate review and that any error the post-conviction court may have committed by failing to have petitioner present at the hearing was not plain. In arguing against exercise of discretion to correct any plain error, the state claims that petitioner "misstates the law in suggesting that the [state] bears 'the burden to show that the error was harmless on this record.'" While we would normally address preservation first, because of the contours of the statutory analysis and how they play into the particulars of the preservation issues in this case, we will instead discuss the meaning of ORS 138.620(1) before preservation.

We generally review a trial court's control of the proceedings within an action, including post-conviction review, for abuse of discretion. *Sanchez v. State of Oregon*, 272 Or App 226, 228, 355 P3d 172, *rev den*, 358 Or 449 (2015). When a court's procedural choices violate a petitioner's statutory or constitutional rights, such choices constitute an abuse of discretion. *Id.* at 238-39. As framed by the parties in this appeal, we must determine whether ORS 138.620 requires that a PCR petitioner be personally present at the hearing. The question in this case reduces to a question of statutory construction, and therefore, one of law.

Under the *Gaines* framework for determining the legislative intent of a statute, we begin with the text and context of the statute, and to the extent we deem it useful,

the legislative history underpinning an enactment. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). If the legislature's intent is still unclear after our examination of the text, context, and legislative history, we may resort to general maxims of statutory construction to resolve any remaining uncertainty. *Id.* at 172. "In construing a statute, [a] court is responsible for identifying the correct interpretation, whether or not asserted by the parties." *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997).

The statutory provision at issue in this appeal, ORS 138.620(1), provides:

> "After the response of the defendant to the petition, the court shall proceed to a hearing on the issues raised. If the defendant's response is by demurrer or motion raising solely issues of law, the circuit court need not order that petitioner be present at such hearing, as long as petitioner is represented at the hearing by counsel. At the hearing upon issues raised by any other response, the circuit court shall order that petitioner be present. Whenever the court orders that petitioner be present at the hearing, the court may order that petitioner appear by telephone or other communication device as provided in ORS 138.622 rather than in person."

A few points from that provision are immediately apparent. First, the court must generally hold a hearing on the issues raised by a petitioner. *See Snyder v. Amsberry*, 306 Or App 439, 446, 474 P3d 417 (2020) (construing "shall proceed to a hearing on the issues raised" as requiring a court to hold a hearing when considering a dismissal with prejudice). As we noted from the "mandatory nature of ORS 138.620," the subject of that mandate is the court. *Id.* It follows then that the legislature, in adopting ORS 138.620, intended to direct the court to do certain things. The third sentence of ORS 138.620(1)—"[a]t the hearing upon issues raised by any other response, the circuit court shall order that petitioner be present"—places a similar mandate on the court.

The second point apparent from the text is an exception to the general rule requiring a petitioner's personal presence at the hearing. The second sentence of ORS 138.620(1) provides that, upon a certain set of conditions—"response

by demurrer or a motion raising solely issues of law" and "as long as petitioner is represented at the hearing by counsel"—the court "need not order that [a] petitioner be present." As the general rule mandates that the court hold a hearing and order a petitioner's presence, it is logical that the court make the required determination for the exception to apply. Thus, the court must determine whether a defendant's response "is by demurrer or motion raising solely issues of law," and "whether petitioner [will be] represented at the hearing by counsel." Absent a determination that both conditions are true, the "court shall order that [a] petitioner be present."

The contextual setting for ORS 138.620 includes prior judicial opinions interpreting a statutory provision. *State v. Lam*, 176 Or App 149, 154, 29 P3d 1206 (2001). In two previous cases we have interpreted the petitioner presence requirement of ORS 138.620 and have concluded that the statute places a duty on the post-conviction court to order that a petitioner be present when the exceptions are not met. We reversed a dismissal without prejudice when the petitioner "took reasonable steps to [e]nsure his presence for trial," but could not appear because federal immigration authorities refused to honor the transportation order for the petitioner to appear. *Dinh v. Zenon*, 143 Or App 444, 449, 923 P2d 1287 (1996). In an earlier case, we concluded that "under the plain language of [ORS 138.620], the [post-conviction] court's duty is clear. It should have entered the order to bring petitioner to court." *Smith v. State of Oregon*, 78 Or App 485, 488, 717 P2d 240 (1986).[2] Those cases, taken together, support our understanding of the text of the statute.

Armed with the plain meaning of ORS 138.620(1), we turn to preservation. Petitioner does not dispute that the error was not preserved; rather, petitioner argues that this is not the type of error that requires preservation because he did not have the opportunity to object because he was not present. On two separate occasions reflected in the record, petitioner's counsel discussed with the court whether

_____

[2] In *Smith*, we ultimately concluded that the error in failing to order the petitioner's presence was harmless because, at the time of the hearing at issue, the petitioner was in federal custody in California, and there was no legal authority to compel the petitioner's presence. 78 Or App at 488.

petitioner would be present. Critically, at the hearing, the court confirmed with petitioner's counsel that the hearing would involve only legal argument. No one objected to proceeding without petitioner present, and therefore the court was not alerted to the potentially erroneous interpretation of ORS 138.620. Nor for that matter was ORS 138.620 ever raised before the court. In *Snyder*, we held that the court erred by dismissing a petition with prejudice without holding a hearing, which provided the petitioner "'no practical ability to raise [the] issue.'" 306 Or App at 446 (quoting *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008)). This is not a case like *Snyder* where the petitioner had no meaningful opportunity to correct the error. Petitioner was present through counsel here, and there was opportunity to correct the error in the post-conviction court.[3] We conclude that petitioner's argument is unpreserved, and we thus move forward with a plain-error analysis.

The plain meaning of ORS 138.620(1), applied to these circumstances, leads to the conclusion that the court erred by conducting the hearing without causing petitioner to be present. *See Smith*, 78 Or App at 488. The state's answer to the petition simply denied all of the allegations. The effect of that denial under ORS 138.620(1) was to put at issue the factual allegations in the petition. *See* ORCP 19 A. Importantly, the state's answer was not a demurrer, nor, because the denials put the factual allegations in the petition at issue, was it a "motion raising solely issues of law." The memoranda filed by each side further alerted the court to the factual details each proposed to demonstrate at the hearing. Absent both prerequisites for the exception in ORS 138.620 to apply, the court was required to order petitioner's presence "at the hearing upon issues raised by any other response."

For an error to be plain and warrant consideration for correction notwithstanding a lack of preservation, the

---

[3] At the status conference, the court discussed with both petitioner's counsel and the state whether petitioner could appear at the hearing by phone or other electronic means. Petitioner's counsel first agreed to determine if petitioner needed to be present, whether he needed to be there in person, or to at least appear by telephone, and then agreed to file an appropriate motion for the court to secure petitioner's presence. No such motion was filed.

error must be "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). As a matter of statutory construction, the error in this appeal is one of law. And for the reasons explained above, the claimed error was obvious and not reasonably in dispute. Although the state argues that to find plain error we must impermissibly choose from competing inferences because there are several possible reasons *why* petitioner was not present, we disagree: Those reasons bear on whether we choose to exercise our discretion to correct a plain error, not whether the error was plain. *See State v. Fults*, 343 Or 515, 520, 173 P3d 822 (2007) (analyzing reasons the defendant may not have objected to plain error in determination of whether to exercise discretion to correct); *State v. Berndt*, 282 Or App 73, 80, 386 P3d 196 (2016), *rev den*, 361 Or 311 (2017) (declining to correct erroneous instruction when the defendant requested it). What matters for determining whether the error was apparent on the record is whether petitioner was present at his PCR hearing or not—a fact that is plain from the record. *See Vanornum*, 354 Or at 629 (fact that jury was given a particular instruction appeared on the face of the record); *State v. Herrington*, 283 Or App 93, 96, 387 P3d 485 (2016) (fact that record did not contain a written jury waiver meant there were no competing inferences). Therefore, the error in this case is plain.

After we have concluded that an error is plain, we must determine whether it is appropriate for us to exercise our discretion to correct the error. ORAP 5.45; *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). "That discretion entails making a prudential call that takes into account an array of considerations, such as the competing interests of the parties, the nature of the case, the gravity of the error, and the ends of justice in the particular case." *Vanornum*, 354 Or at 630. For the following reasons, we exercise our discretion to correct the error.

First, a person's interest in being present at a hearing involving factual issues in a PCR case is as compelling as the interest an accused has to be present at a criminal trial. *See* Jack G. Collins & Carl R. Neil, *The Oregon*

*Postconviction-Hearing Act*, 39 Or L Rev 337, 353 (1960) (discussing the reasons a petitioner must be present at a factual hearing and likening the presence requirement to that for a criminal trial).[4] In both instances, a criminal defendant or post-conviction petitioner's presence at trial allows that person to help their attorney assess the strength and weakness of evidence and to testify, if needed. That underlying interest and the policy behind it provide reason for us to conclude that the gravity of the harm in this case is substantial.

Second, the nature of these PCR cases challenged petitioner's criminal trial counsel's role in guilty pleas and whether those pleas were knowing, voluntary, and intelligent. Those claims implicate serious constitutional matters under both the Oregon and federal constitutions. *See State v. King*, 361 Or 646, 666, 398 P3d 336 (2017) (entry of guilty plea implicates rights in Article I, sections 11 and 12, of Oregon Constitution and Fifth and Sixth Amendment rights in federal constitution); *Ramos v. Louisiana*, 594 US ___, ___, 140 S Ct 1390, 1397, 206 L Ed 2d 583 (2020) ("This Court has long explained that the Sixth Amendment right to a jury trial is fundamental to the American scheme of justice and incorporated against the States under the Fourteenth Amendment." (internal quotation marks omitted)). Moreover, "because there is no [federal] constitutional right to counsel in state postconviction proceedings, a prisoner ordinarily must bear responsibility for all attorney errors during those proceedings." *Shinn v. Ramirez*, 596 US ___, ___, 142 S Ct 1718, 1735, 212 L Ed 2d 713 (2022) (internal quotation marks and citations omitted). "Among those errors, a state prisoner is responsible for counsel's negligent failure to develop the state postconviction record." *Id.* Thus, at least as far as any opportunity for substantive relief for petitioner's post-conviction counsel's erroneous understanding of ORS 138.620 or failure to preserve an appellate argument, state courts are likely the end of the line. *Id.* (explaining that, even when state post-conviction counsel is "negligent" a state prisoner must meet

---

[4] Collins and Neil participated in the drafting of the 1959 Oregon Postconviction-Hearing Act. Their 1960 law review article has been cited numerous times by Oregon courts in assessing the meaning of the act. *Accord Verduzco v. State of Oregon*, 357 Or 553, 570, 355 P3d 902 (2015).

the "stringent requirements" of 28 USC section 2254(e)(2) to have an evidentiary hearing on the matter on federal habeas review).

Third, in the particular facts of this case, correcting the error would not tend to undermine the important policies animating the preservation rule. *See State v. Reynolds*, 250 Or App 516, 523-24, 280 P3d 1046, *rev den*, 352 Or 666 (2012) (analyzing purposes of preservation as factor when deciding to correct plain error). We conceive of no discernable strategic reason for failing to object to not having petitioner present at the hearing. The purposes of the preservation doctrine in general are not undermined by correcting the error in this case.

Finally, we consider that the interests of constitutional magnitude of petitioner's claims on one hand outweigh the interests in finality, judicial efficiency, and the state's resources on the other. *See State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020) (weighing constitutional harm of nonunanimous jury instruction against other factors).

Taken together, those factors all weigh in favor of exercising our discretion to correct the error.

Having concluded that the error was plain, and that we would exercise our discretion to correct the error, we conclude our analysis by considering prejudice. Although an error occurred in the post-conviction court, we will affirm if there is "little likelihood that the particular error affected the verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). Based on this record and how the hearing developed, we cannot say there is little likelihood that petitioner's absence affected the outcome of his post-conviction hearing. *See Allen v. Palmateer*, 219 Or App 221, 222, 182 P3d 255 (2008) (reversing PCR judgment when trial court refused to allow petitioner to testify at PCR trial). The error is not harmless.

Reversed and remanded.