On respondent's petition for reconsideration filed July 27, 2022; reconsideration allowed, former opinion (320 Or App 753, 514 P3d 1182) modified and adhered to as modified February 15, 2023

## CURTIS FROST, JR.,
*Petitioner-Appellant,*

*v.*

## STATE OF OREGON,
*Defendant-Respondent.*

Clackamas County Circuit Court
18CV56587, 18CV56583, 18CV56584;
A173895 (Control), A173892, A173894

525 P3d 98

In this petition for reconsideration, the state asserts that the Court of Appeals erred in construing or applying the law in the opinion published at 320 Or App 753, 514 P3d 1182 (2022). *Held*: Upon reconsideration, the Court of Appeals agreed with the state and therefore modified the opinion to eliminate a portion that was capable of causing confusion. The Court of Appeals adhered to the disposition announced in the original opinion.

Reconsideration allowed; former opinion modified and adhered to as modified.

Kathie F. Steele, Judge.

Jason Weber and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Reconsideration allowed; former opinion modified and adhered to as modified.

**PAGÁN, J.**

The state[1] petitions for reconsideration of our decision in *Frost v. State of Oregon*, 320 Or App 753, 514 P3d 1182 (2022), claiming that we "erred in construing or applying the law" with respect to our determination that petitioner's assigned errors were plain under relevant case law. As a result, the state asserts, there was no basis for finding plain error, and we should instead affirm the post-conviction court's denial of relief in each of the cases consolidated for appeal. Although we adhere to our disposition, we allow reconsideration to address the state's contention that we erred in construing or applying the law, and modify our opinion as described below.

The state contends that we misapplied controlling case law governing the determination of whether an unpreserved error was plain. We agree with the state that the sentence citing *State v. Fults*, 343 Or 515, 520, 173 P3d 822 (2007) and *State v. Berndt*, 282 Or App 73, 80, 386 P3d 196 (2016), *rev den*, 361 Or 311 (2017), is capable of causing confusion, even more so in light of the Supreme Court's recent decision in *State v. Chitwood*, 370 Or 305, 322-24, 518 P3d 903 (2022), issued after the petition for reconsideration and response were filed in this case. Hence, we modify our opinion to delete that sentence at 320 Or App at 759 and its citations to *Fults* and *Berndt*. We also delete "What matters" in the sentence that follows and replace it with the following text: "There are no competing inferences to be drawn from the record here because the court was required to order petitioner's presence at the hearing unless it determined that certain conditions were satisfied. Having not done so, what matters".

Reconsideration allowed; former opinion modified and adhered to as modified.

---

[1] To avoid any confusion between the post-conviction relief petitions and the petition for reconsideration, we refer to respondent below as "the state."