494 November 27, 2024 No. 862

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER DAVID PURCELL,
*Defendant-Appellant.*
Yamhill County Circuit Court
20CR24046; A180693

Ladd J. Wiles, Judge.

Argued and submitted October 22, 2024.

Brett J. Allin, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission. Christopher Purcell filed the supplemental brief *pro se*. Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Oregon Public Defense Commission, filed the supplemental brief for appellant.

Kyleigh Gray, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for attempted first-degree rape, felony strangulation constituting domestic violence, coercion, menacing constituting domestic violence, and harassment. Defendant appeared for trial on those charges for the first two days and failed to appear on the third. After attempts to locate him and bring him to court failed, the trial court continued the trial in his absence. Defendant now contends that the trial court erred in doing so because he did not validly waive his right to be present. More particularly, he asserts that the court erred in concluding that defendant knowingly and voluntarily waived his right to appear at trial. *See State v. Peltier*, 318 Or App 267, 273, 508 P3d 567, *rev den*, 370 Or 197 (2022) (a defendant has a right to be present at trial and may waive that right so long as they do so voluntarily and knowingly). Defendant also asserts several complaints in a *pro se* assignment of error. We conclude that the trial court did not err in finding that defendant's waiver was voluntary and that defendant failed to preserve the challenge to the court's finding that the waiver was knowing. Further, we have reviewed his *pro se* claim of error and conclude that it does not provide a basis for reversal. We therefore affirm.

The relevant facts are few and undisputed. On Friday, the third day of trial, defendant failed to appear. His attorney, various friends and family members, and five law enforcement officers tried locating him over the course of several hours without success. Defense counsel sought a continuance until Monday. The trial court concluded that defendant had "voluntarily absented himself from trial" and that as a result, the court would try him in absentia. The trial court then granted a brief continuance (15-20 minutes) to allow further attempts to find defendant.

After that short continuance, defense counsel told the court that he got a "communication" from defendant that "he was not feeling well, he took a COVID test" and that test was positive. Defendant texted his counsel a picture of what appeared to be a COVID or antigen test of some sort. There was a "very, very faint" line that may have reflected a positive test.

The trial court concluded that defendant's communication reflected his desire to avoid court and that he was "voluntarily not mak[ing] himself available for trial[.]" His counsel took "exception with the voluntariness" because "this does appear to be, one, a medical situation and, two, may also be not to excuse himself in a trial, but not to basically be COVID positive and be in a public environment[.]"

On appeal, defendant contends that the trial court erred in finding that defendant had validly waived his right to appear in person at trial because his waiver was not knowing and voluntary. A waiver is voluntary when a defendant's absence is intentional or purposeful. *State v. Shutoff*, 263 Or App 615, 617, 330 P3d 1237 (2014). Here, defendant was aware of the date and time for the third day of trial, his attorney, friends, family, and law enforcement tried to locate him, and even after his attorney was finally able to locate him, defendant did not share his whereabouts. Instead, he shared a picture of what may have been a positive COVID antigen test, and not one that was specifically linked to defendant. The trial court thus did not err in concluding that defendant was voluntarily absenting himself from his trial. *See State v. Harris*, 291 Or 179, 187, 630 P2d 332 (1981) (concluding that there was "ample information from which the trial court judge could conclude *** that defendant had voluntarily absented himself" where the record demonstrated that the defendant attended the first two days of his trial, was aware of the date and time for the third day of trial, failed to appear, and was unable to be reached despite various attempts to contact him over several days).

As to his claim that his waiver was not knowing, we conclude that defendant failed to preserve that claim. To be sure, defendant argued that his waiver was not voluntary, and the trial court ruled—correctly—that it was. But at no point did defendant suggest that the trial court should not (or could not) find that defendant's absence was knowing. Thus, defendant's claim that his waiver was not knowing, and was thus invalid, is not preserved. *Gibson v. Walsh*, 308 Or App 119, 123, 480 P3d 990 (2020) ("For an issue to be preserved for purposes of appeal, it must have been raised with sufficient clarity in the trial court to put the trial court on

notice that it needs to rule on the issue and for the opposing party to have an opportunity to address the issue." (Internal quotation marks omitted.)).

Defendant nevertheless contends that by raising the issue of waiver, he made it incumbent upon the court to engage in the complete legal analysis, even in the absence of argument from counsel on that point. In so arguing, he analogizes this situation to cases in which we have concluded that traditional preservation principles do not apply when a defendant is, for example, challenging a waiver of the right to counsel. *See, e.g.*, *State v. Cole*, 323 Or 30, 36, 912 P2d 907 (1996) (concluding that a defendant whose waiver of counsel is accepted without being apprised of the risks of self-representation "cannot be expected to object to acceptance of that waiver on the ground that [they were] not apprised of those risks"); *see also State v. Morrow*, 192 Or App 441, 445, 86 P3d 70, *rev den*, 337 Or 282 (2004) (explaining that *Cole* "is explicitly limited to the waiver of counsel").

However, we recently rejected that same argument in *State v. Santini*, 328 Or App 228, 235, 536 P3d 1055 (2023), *rev den*, 372 Or 192 (2024). There, the defendant argued that the preservation requirement should be excused in the context of the right to be present just as we have excused the requirement in cases involving the waiver of the right to counsel. *Id.* at 233-34. We declined to extend those cases to the waiver of the right to be present where the defendant either has appeared at the waiver hearing and had the opportunity to object or was represented by counsel who appeared and had an opportunity to object. *Id.* at 235 (citing *Frost v. State of Oregon*, 320 Or App 753, 514 P3d 1182 (2022), *adh'd to as modified on recons*, 324 Or App 295, 525 P3d 98 (2023) (rejecting argument that the petitioner did not have to preserve his argument that the court erred in proceeding in his absence because the petitioner was represented by counsel who appeared at hearings and discussed with the court whether the petitioner would be present in person)). Here, as in *Santini* and *Frost*, defendant was represented by counsel who appeared and presented argument about why the court should not try defendant in absentia. Traditional preservation principles thus apply.

Because traditional preservation requirements apply in this context, and because defendant did not preserve his argument that his waiver was not knowing, we next consider whether the error is plain. *State v. Martin*, 221 Or App 78, 80-81, 188 P3d 432, *rev den*, 345 Or 418 (2008). Among other requirements, an error is plain only if it is apparent on the face of the record. *State v. Reyes-Camarena*, 330 Or 431, 435, 7 P3d 522 (2000). We agree with the state that the error here is not plain because the record does not reflect what the trial court knew about defendant's knowledge or whether evidence in the record could have demonstrated that, in fact, defendant's waiver was knowing.

Affirmed.