192 March 19, 2025 No. 248

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DOMINIQUE ELLIOTT THORNTON,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Marion County Circuit Court
20CV15150; A182856

Patricia A. Sullivan, Senior Judge.

Argued and submitted February 7, 2025.

Laura Graser argued the cause and filed the briefs for appellant.

Jordan R. Silk, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Vacated and remanded.

**JACQUOT, J.**

Petitioner appeals a judgment denying his petition for post-conviction relief (PCR). In his sole assignment of error, petitioner contends that the PCR court "erred in permitting the PCR trial to proceed without the petitioner being personally present, even by telephone, when his whereabouts were known." For the reasons below, we conclude that the PCR court plainly erred, we vacate the judgment, and we remand for a new PCR trial.

At the outset, we conclude that petitioner did not preserve his claim of error, because his counsel was present and there was no objection to proceeding without him being personally present. He does, however, request plain error review. For an error to be plain, several requirements must be met: the error must be (1) an error "of law"; (2) that is "apparent," meaning the legal point is obvious and not reasonably in dispute; and (3) appears "on the face of the record." *State v. Reynolds*, 250 Or App 516, 559-30, 280 P3d 1046, *rev den*, 352 Or 666 (2012) (internal quotation marks omitted).

"We generally review a trial court's control of the proceedings within an action, including post-conviction review, for abuse of discretion." *Frost v. State of Oregon*, 320 Or App 753, 755, 514 P3d 1182 (2022), *adh'd to as modified on recons*, 324 Or App 295 (2023) (citing *Sanchez v. State of Oregon*, 272 Or App 226, 228, 355 P3d 172, *rev den*, 358 Or 449 (2015)). But "[w]hen there is only one legally correct outcome, an appellate court must determine whether the trial court erred as a matter of law." *State v. Ramoz*, 367 Or 670, 703, 483 P3d 615 (2021) (internal quotation marks and brackets omitted).

Having considered the parties' arguments and the record, we conclude that the PCR court plainly erred. In *Frost*, we concluded that ORS 138.620(1) requires that, unless an answer to a PCR petition is a demurrer or motion raising solely issues of law, the PCR court is required to order the petitioner to be present at the PCR hearing, and that the PCR "court erred by conducting a hearing without causing petitioner to be present." 320 Or App at 758. Specifically,

we concluded that it was plain error for the PCR court to proceed in the petitioner's absence without having entered an order requiring the petitioner to be present. *See id.* at 758-59.

Here, petitioner's answer was not a demurrer or motion raising solely issues of law. Consequently, under ORS 138.620(1), the PCR court was required to order that petitioner be present at his PCR trial. The PCR court issued an order. But the PCR court's scheduling order did not apply to petitioner—it only addressed appearances by petitioners in the custody of the Oregon Department of Corrections and petitioners who are not in custody at all. Petitioner is neither. And like the PCR court in *Frost*, the PCR court here conducted "a hearing without causing petitioner to be present." 320 Or App at 758. That was plain error.

Counsel's statements at the hearing confirmed his understanding that the order did not apply to petitioner and, according to counsel, no steps had been taken to comply with it. The circumstances of this case include that petitioner's PCR counsel told the PCR court that he *had not discussed waiving petitioner's appearance with petitioner*, but to go ahead without petitioner in any event; that, notwithstanding the scheduling order, it does not appear from the record that PCR counsel took *any steps* to ensure petitioner would be able to participate in the hearing; and that the PCR court was aware that petitioner was in the custody of another state and, thus, likely limited in his ability to communicate on his own behalf. In reaching our conclusion, we note that we have considered situations where a petitioner was in the custody of another sovereign outside of Oregon multiple times, always determining that the court had a responsibility to order the petitioner to appear.[1]

Having concluded that the PCR court plainly erred, we turn to whether to exercise our discretion to correct the error. In *Frost*, we analyzed the discretionary factors that

---

[1] *Dinh v. Zenon*, 143 Or App 444, 449, 923 P2d 1287 (1996) (PCR court had a clear duty to order petitioner to appear when he was in federal immigration custody pending deportation); *Smith v. State of Oregon*, 78 Or App 485, 488, 717 P2d 240 (1986) (PCR court erred by not ordering petitioner to be present although petitioner was in custody in California; opinion did not consider possibility of remote appearance).

we consider in determining whether to correct plain error and concluded that the petitioner's interest in being present at a PCR hearing where facts are being considered is compelling and not outweighed by finality, judicial efficiency, and expenditure of the state's resources. *Id.* at 760-61. We see no reason to treat this case differently from *Frost* and exercise our discretion to correct the error.

Further, as in *Frost*, on the issue of prejudice, having considered the record, "we cannot say there is little likelihood that petitioner's absence affected the outcome." *Id.* at 761. Although it is difficult to know what the result on the merits would have been had petitioner appeared—particularly in light of the PCR court's credibility findings—petitioner had no chance to make a favorable impression on the PCR court.

For the foregoing reasons, we vacate the trial court judgment and remand for proceedings consistent with this opinion.

Vacated and remanded.